F. E. SHOBER et al. v. W. H. WHEELER et al.

(Filed 24 April, 1907).

1. **Administration—Production of Will—Acts—Validity—Statute.—**
When, after letters of administration have been granted, a will is
produced and admitted to probate the Clerk should revoke such
letters and notify the administrator thereof. Until such notice
is served, his acts, done in good faith, are valid. Revisal, sec. 37.

2. **Same — Courts — Jurisdiction — Statute — Land—Priorities.—**The
Acts of 1876-77, ch. 241, and Revisal, sec. 129, give the Superior
Court, in civil actions, concurrent jurisdiction with the Probate·
Court in the settlement of estates and their subjection to the
payment of debts. Upon the death of a party to a suit against
whom judgment has been rendered, her administrator or execu-
tor having been made a party without objection, all parties
in interest being before the Court, and a motion is granted
to subject her land to the payment of the judgment, the action
will not be dismissed for want of jurisdiction of the Superior
Court.

CIVIL ACTION, tried before *Ward, J.,* at the December
Term, 1906, of the Superior Court of Forsyth County.

This was an action by C. S. Hutter, made in the cause as
stated. His Honor, upon the pleadings and the record, found
the following facts: That an action was brought in the
Superior Court of Forsyth County in the name of F. E.
Shober and others against W. H. Wheeler, Addie M. Wheeler,
Ann J. Wheeler, and E. H. Jennings for the purpose of col-
lecting debts which the plaintiffs held against W. H. Wheeler,
to March Term, 1889; and by an order in the cause, signed
at December Term, 1903, C. S. Hutter, who was assignee
of a bond in the sum of $2,500, dated 20 September, 1887,
due twelve months after date and payable to J. P. Pettyjohn,
president of the Lynchburg Young Men's Christian Associa-
tion, and signed by E. H. Jennings, W. H. Wheeler, and
Ann J. Wheeler, was made a party plaintiff. That this debt

of $2,500 was secured by a deed of trust upon certain real estate in the county of Forsyth, and was executed by E. H. Jennings and wife, W. H. Wheeler and wife, and by Ann J. Wheeler, the mother of W. H. Wheeler, and was duly recorded in Forsyth County. That the judgment signed at December Term, 1893, set forth that there were various liens in the way of deeds of trust upon the property of W. H. Wheeler, which were prior to the judgment of F. E. Shober, and other judgment creditors; the mortgage creditors were ordered to be made parties to the action, and, among others, C. S. Hutter, who was assignee of the debt due the Lynchburg Young Men's Christian Association, was brought into court, and an order was made appointing W. B. Stafford commissioner to sell the lands of W. H. Wheeler and pay the proceeds to the creditors, observing the priority of the several mortgage liens.

The Court further finds that during the year 1889 or 1890, and pending this action, Ann J. Wheeler, who was a surety upon the note now owned by C. S. Hutter, died seized of a tract of land in the county of Forsyth and described in the pleadings, and containing thirty acres, more or less, which was then and is now occupied by W. H. Wheeler. And after the death of Ann J. Wheeler, E. H. Jennings, who was a son-in-law of W. H. Wheeler, applied for letters of administration upon the estate of Ann J. Wheeler, alleging that she died intestate, and he was made a party of defendant as administrator of Ann J. Wheeler. That W. B. Stafford, commissioner, sold the lands conveyed in the several deeds of trust, and after paying off the prior liens there remained due C. S. Hutter the sum of $3,639.42, due at May Term, 1899, Forsyth Superior Court, for which amount judgment was rendered in favor of C. S. Hutter against W. H. Wheeler and E. H. Jennings, and E. H. Jennings as administrator of

Ann J. Wheeler, by his Honor *O. H. Allen,* in this cause, with interest of $2,500 from 8 July, 1898, at 8 per cent. until paid, which judgment the Court adjudges to be a valid and binding judgment against the estate of Ann J. Wheeler.

That after C. S. Hutter obtained judgment against the estate of Ann J. Wheeler, E. H. Jennings, her administrator, left the State and has ever since been a non-resident, and made no effort to subject the land of Ann J. Wheeler to the payment of plaintiffs' judgment; and proceedings were instituted before the Clerk of the Superior Court of Forsyth County to remove Jennings as administrator, when W. H. Wheeler for the first time produced a paper-writing purporting to be the last will and testament of Ann J. Wheeler, dated 24 December, 1887, in which she devised the land sought to be subjected to the payment of C. S. Hutter's judgment to the female defendant, Addie M. Wheeler, and her heirs. That W. H. Wheeler qualified as executor of Ann J. Wheeler before the Clerk of the Court of Forsyth County, and by an order in this cause he as executor was brought into court and made a party defendant, together with Addie M. Wheeler and her heirs, who are minor children of Jennings' wife, who is now dead, and are represented by a guardian *ad litem,* and a son, William Wheeler, who is of age and has been served with process and made a party defendant.

The Court further finds as a fact that at May Term, 1905, C. S. Hutter filed a petition in this cause in which he prays that an order may be granted for the sale of the lands of Ann J. Wheeler to pay off the balance of his debt, which the lands contained in his deed of trust failed to pay.

The Court finds as a fact that the devisees of Ann J. Wheeler have been made parties defendant, and all parties interested in the land or estate of Ann J. Wheeler are properly before the Court. It also finds as a fact, from state-

ments contained in the petition and admissions of defendants' counsel in open court, that C. S. Hutter is the only creditor of Ann J. Wheeler's estate; that there are no personal assets belonging to her estate, and there is no other property belonging to her estate and no other debt due her estate, and that E. H. Jennings and the sureties upon his administration bond are insolvent and that W. H. Wheeler is also insolvent.

The Court made an order directing the sale of lands for the payment of the judgment, etc. Defendants excepted to the order and appealed for that:

1. The judgment rendered herein against E. H. Jennings, administrator of Ann J. Wheeler, was void.

2. That the Court had no jurisdiction to hear the motion or make the order.

*Watson, Buxton & Watson* for plaintiffs.
*Lindsay Patterson* and *J. S. Grogan* for defendants.

CONNOR, J., after stating the case: Reversing the order in which the exceptions appear in the record, we consider first the one attacking the validity of the judgment rendered by the Court against Jennings, administrator of Mrs. Wheeler, fixing the amount of the debt held by Hutter. The learned counsel for defendants insist that the letters issued to Jennings were void, for all purposes, because the Court had no jurisdiction to issue them. It must be conceded that the older authorities, at least some of them, held that intestacy was as essentially jurisdictional as death and domicile or *bona notabilia.* That the production of a will after letters of administration were granted showing the absence of such jurisdictional fact rendered the person so appointed an officious intermeddler. The theory upon which the courts so held was that the executor took title to the personalty under the will, and that no act of the Court could deprive him of such

title. It is insisted that the law is so held by this Court in *Springs v. Irwin*, 28 N. C., 27. The facts there were not the same as here. In that case the record showed, and the letters of administration recited, that there was a will, and did not show that the executor named in it had either refused to offer it for probate or renounced his right to qualify. *Nash, J.,* said: "If, therefore, the letters show that there is a will and the existence of the executor be unknown, or before his renunciation, the Court cannot grant letters of administration with the will annexed. If they do, the letters are void and confer no authority or power on the administrator." It may be that language is to be found in the opinion capable of the conclusion drawn by counsel. For the reason stated, the exact point was not decided. It is probable that at that time the law was considered to be as claimed. The case is not cited until *London v. Railroad,* 88 N. C., 584. The question now before us was not involved, but *Smith, C. J.,* noticing the several cases in which this Court had held the grant of letters of administration void, refers to *Irwin's case.* In his conclusion, however, he says: "If the person on whose estate the Court undertakes to grant letters testamentary or of administration be dead, and, at the time of his decease, have his domicile or have *bona notabilia* to be administered, the jurisdiction exists." Such seems to be the law in other States, and we think consonant with reason and policy. If there be irregularities in the proceedings in which letters were granted, the Court has ample power, upon proper application, to review its action and revoke them. In an exhaustive note to *Dobler v. Strobel,* 81 Am. St. Rep., 530 (p. 555), Mr. Freeman says that formerly it was held that when letters of administration were granted and a will was afterwards produced, the letters were void for all purposes—citing authority. He further says:

"At the present day the rule seems to be firmly established to the contrary"—that such letters are only voidable and that the acts performed by the administrator are binding in a collateral proceeding. In *Schluter v. Bank,* 117 N. Y., 125, *East, J.,* considers the law as settled; see, also, *Broughton v. Bradley,* 34 Ala., 694 (73 Am. Dec., 474).

While we think the authorities cited fully sustain the plaintiff's contention and his Honor's judgment, it would seem to be settled in this State by statute. Revisal, sec. 37, makes it the duty of the Probate Court, upon the production of a will, to make an order revoking the letters and cause it to be served on the administrator, and providing that all of his acts done in good faith until the service of the order of revocation shall be valid. We do not think that *Springer v. Shavender,* 116 N. C., 12, is in point.

The defendants' next exception is directed to the jurisdiction of the Court to entertain the motion and make the order to sell Mrs. Wheeler's land to pay plaintiffs' debt. It appears from the record and his Honor's findings of fact that the action was originally brought by plaintiff Shober against W. H. Wheeler and wife, Mrs. Ann J. Wheeler, and Jennings for the purpose of vacating certain conveyances made by Wheeler to his wife. Plaintiff Hutter, who had acquired by assignment a note executed by Wheeler and the other defendant to Pettyjohn, was made a party plaintiff. The cause was brought to trial and the deeds set aside (113 N. C., 370), judgment rendered adjusting the priorities of the several creditors and the land sold. Afterwards, upon the death of Mrs. Wheeler, Jennings was appointed her administrator and made a party in his representative capacity and judgment rendered, as we have seen, upon the Hutter debt. Thereafter Wheeler, having produced the will and qualified, was brought in as executor. No action being

taken to subject the land of which Mrs. Wheeler was possessed at the time of her death to the payment of the judgment, the motion in the cause was made as appears in the record. His Honor finding that the devisees of Mrs. Wheeler were properly before the Court, that there was no personal estate and that the Hutter judgment was the only debt outstanding against Mrs. Wheeler, directed the land sold, etc. It may be that if when the order making the new parties was made, objection had been taken, the cause should have gone off the docket by a final judgment. It does not appear that any exception was taken or motion to that effect made. At any time after the death of Mrs. Wheeler and the rendition of his judgment Hutter could have proceeded in the Superior Court to compel a sale of the land to pay his debt. This is expressly authorized by section 129, Revisal, being Acts of 1876-77, ch. 241. This statute was construed in *Haywood v. Haywood,* 79 N. C., 42, and other cases, the last being *Fisher v. Trust Co.,* 138 N. C., 90. In all of these cases it is held that concurrent jurisdiction with the Probate Court is conferred on the Superior Court in a civil action to settle estates and subject real estate to the payment of debts.

The parties all being before the Court having jurisdiction to administer the relief, we can see no good reason why they should be sent out of court and compelled to begin a new proceeding, which must have resulted in precisely the same way. In creditors' suits courts of equity always took charge of all of the property, subject to the debts, and brought all creditors in, to the end that all rights should be administered and complete relief given. It is the policy of the law to do so and to prevent a multiplicity of suits, expensive litigation and conflicting claims upon property. Courts usually refuse to entertain separate actions, compell-

ing all of the creditors to come in and be bound by the final judgment. *Dobson v. Simonton,* 93 N. C., 268; *Hancock v. Wooten,* 107 N. C., 9.

His Honor finds that there are no other creditors, that Mrs. Wheeler has no personal estate and that the amount due .Hutter on his judgment is ascertained. Upon these facts he is entitled to have his judgment paid out of Mrs. Wheeler's lands. This is all that is awarded him. The judgment must be

Affirmed.