STATE OF NORTH CAROLINA, ON RELATION OF SALISBURY MORRIS PLAN
COMPANY, AND THE SALISBURY MORRIS PLAN COMPANY v. JOHN
McCANLESS AND CHARLES McCANLESS, ADMINISTRATORS OF N. B.
McCANLESS; W. A. McCANLESS, SURETY; MRS. G. F. McCANLESS,
WIDOW; JOHN McCANLESS, CHARLES McCANLESS, MRS. LENA
BUSBY, MRS. MARY NORWOOD, MRS. KATE HEGE, W. F. McCAN-
LESS, W. A. McCANLESS, MRS. CARRIE HAMMER, N. B. McCAN-
LESS, JR., HEIRS AT LAW AND DISTRIBUTEES OF N. B. McCANLESS, DE-
CEASED.

(Filed 26 January, 1927.)

1. **Courts—Equity—Superior Courts—Jurisdiction—Actions — Executors
and Administrators—Final Accounts—Clerks of Courts—Demurrer.**

Under the equitable principles and the provisions of C. S., 135, con-
firmatory thereof, a suit may be maintained in the Superior Court to
enforce a judgment against the personal representatives of the decedent
after final account has been filed with the clerk of the court having
jurisdiction of the administration of the estate to surcharge and falsify
the final account filed therein, and a demurrer to the complaint sufficiently
alleging the facts that fall within this principal on the ground that the
clerk of the court had exclusive jurisdiction, is bad.

2. **Same—Parties.**

*Held,* under the facts of this case, where it is alleged that the adminis-
trators, the widow of the deceased, his heirs at law, received of the
falsified final account filed with and accepted by the clerk, a benefit, by
reason of which the plaintiff's judgment against the administrator re-
mained unpaid, the joinder of the administrators personally and indi-
vidually, the sureties on the administration bond, and the widow and
heirs at law, was proper, and a demurrer on that ground was bad.
C. S., 358, 135.

3. **Pleadings—Demurrer.**

Upon demurrer to the complaint only the facts alleged in the pleadings
will be considered by the courts, and the additional allegations of the
defendant in his demurrer will be considered as a speaking demurrer.
C. S., 511(5).

4. **Actions—Parties—Subject-Matter — Demurrer — Pleadings — Amend-
ments—Statutes—Severance of Action.**

An action will not be dismissed upon demurrer to the complaint on
account of a misjoinder of parties and causes of action when the causes
of action alleged against the several defendants grow out of a common
liability, or the same subject of action or transaction connected with the
same subject of action, and in proper instances the court will require the
pleadings to be made more definite by amendment, C. S., 537, or the court
may decide that several causes of action have been improperly joined and
allow the pleadings to conform thereto upon such terms as are just, and
order the action to be divided into as many actions as are necessary for
the proper determination of the controversy. C. S., 516.

---

---

APPEAL from *Bryson, J.,* at May Term, 1926, of ROWAN. Reversed.

Complaint, in substance: (1) Plaintiff is a corporation doing a general Morris Plan business; (2) defendants, John and Charles McCanless duly qualified as administrators of estate of N. B. McCanless and gave bond with W. A. McCanless and J. D. Norwood as sureties. (3) The other defendants are the heirs at law of N. B. McCanless, deceased, and Mrs. C. F. McCanless, the widow. (4) On 14 July, 1923, the administrators, John and Charles McCanless, filed in the clerk's office a purported final settlement of N. B. McCanless' estate. (5) On 11 July, 1923, the plaintiff instituted an action in the Superior Court of Rowan County against John and Charles McCanless, administrators of N. B. McCanless. At May Term, 1925, a judgment was obtained against the defendants, administrators, for the sum of $4,000 and interest. (6) That on 1 February, 1922, the administrators filed with the proper State and United States officials the inheritance tax and Internal Revenue tax inventory; that the inheritance tax inventory sworn to by the administrators, filed with the clerk of Rowan County and with State Revenue Commissioner, showed that the real and personal property of the intestate, N. B. McCanless, amounted to $212,216.68. (7) That according to what purports to be the "final settlement" filed by said administrators in the clerk's office of Rowan County, personal estate aggregated $12,148.62, of which $1,114.80 refund on Federal tax. Paid to clerk for State inheritance tax $1,952.73, for U. S. $4,283.68. To calculate the tax, it was based on the personal estate of the deceased to be worth $146,065.68, after deducting debts, etc. That according to inheritance tax inventories the administrators paid to the heirs at law, including themselves, about $20,000 each. (8) That defendants, administrators, and as individuals, wrongfully and contrary to law only charged themselves with personal estate less than $11,000, and then unlawfully and wrongfully gave credit as disbursements $1,952.73 inheritance tax paid State and $4,283.68 paid the United States Government—taking nearly one-half for purpose of paying inheritance tax; paid themselves $111.48 exclusive of about $20,000 paid each; that this is all shown on purported "final settlement"; that the settlement is incorrect and not according to law and the full amount of their intestate's estate has not been accounted for. (9) That plaintiff at May Term, 1925, Rowan County Superior Court, obtained judgment against said administrators for $4,000 and interest. It was found under issue presented that the administrators did not advertise for creditors, as required by C. S., 45; that the defendants collectively and jointly are liable and indebted to the plaintiff in the amount of said judgment; that defendants, W. A., Charles and John McCanless are liable and indebted to plaintiff for amount of said judgment; that purported final

settlement filed by the administrators should be set aside, declared incorrect and void. They should be charged as individuals with amounts $1,952.73 and $4,283.68 paid by them as inheritance tax from personal estate of their intestate; that W. A. McCanless is indebted to and liable to plaintiff on the aforesaid administrators' bond to extent of said judgment. J. D. Norwood, the other surety, is insolvent and is not made a party. (10) That the sums before mentioned, $1,952.73 and $4,283, charged against the estate as inheritance taxes, and $111.48 paid to defendants as distributees should be declared assets belonging to the estate so far as the judgment is concerned and required to refund to the administrators to use and benefit of the plaintiff to the extent of $4,000, interest and cost. If defendants fail and refuse to pay into court or pay plaintiffs' judgment, then plaintiff recover an individual judgment against John and Charles McCanless, as administrators, and their surety, W. A. McCanless, to the extent of $4,000, interest and cost, and according to the terms and conditions set out in bond of administration; that plaintiff also recover a joint judgment against each of defendants to be discharged upon payment of the amount due plaintiff as heretofore stated; "that plaintiff is entitled to a joint judgment against each of the defendants, as provided by section 59 of the Consolidated Statutes of North Carolina, and is further entitled to an individual judgment against John McCanless, Charles McCanless, and W. A. McCanless, pursuant to the bond of administration filed by them in the clerk's office of Rowan Superior Court; that the defendants, John McCanless and Charles McCanless, as administrators of the estate of N. B. McCanless, having misapplied the assets of the estate of their intestate, and having failed to account for all the personal estate of said intestate, and having paid inheritance taxes as set forth in this complaint, which they should not have paid, and having failed to charge themselves up with the $20,000 paid each of the distributees, as set forth in their inheritance tax inventory, and having charged the estate the sum of $1,054.73, as commissions for administering said estate, and then having paid each of the distributees $111.48, the aforesaid commissions amounting to $1,054.73, should be disallowed and should be ordered paid into court to be applied, together with the aforesaid items, on the aforesaid judgment of the plaintiff. Wherefore, plaintiff demands judgment: (1) That it recover judgment against the defendants, John McCanless, Charles McCanless, and W. A. McCanless, on the aforesaid administration bond the sum of fifty thousand dollars to be discharged by paying plaintiff the sum of $4,000 costs and interest, and the cost of this action. (2) That it recover judgment against the defendants jointly for the sum of $4,000, cost and interest, as set out in

judgment marked Exhibit B, rendered at May Term, 1925, of Rowan Superior Court, and that each be required to pay into court his pro rata part to the extent of said judgment, and costs of this action. (3) That the purported final settlement filed by the aforesaid administrators be set aside and declared void, and that said administrators and their bondsmen be charged with the actual amount belonging to the estate of their intestate.    (4) That plaintiff recover an individual judgment against each of the defendants as set forth in the complaint; for costs, and for such other and further relief to which the plaintiff may be entitled, either in law or equity."

The following judgment was rendered by the court below:

"(1) That the court has no jurisdiction of the person of the defendants or of the subject of the action for the reason that plaintiff in its complaint is seeking to collaterally attack a final settlement filed by the administrators of N. B. McCanless, deceased, in the office of the clerk of the Superior Court of Rowan County; and for the further reason that the clerk of the Superior Court of Rowan County has exclusive original jurisdiction to correct, modify, surcharge, or set aside a final settlement of administrators of a deceased.

(2) On the ground that the complaint does not state facts sufficient to constitute a cause of action for the reason that the complaint does not allege and show that demand has been made upon the administrators to correct their final settlement filed before the clerk, and that the said administrators have failed or refused to correct the same; or that demand has been made upon the clerk to set aside final settlement, or that the clerk had refused to do so; and that no exceptions or appeal have been taken before the clerk, and no notice to reopen was given either to the administrators or to the clerk of the Superior Court; and for the further reason that the plaintiff is seeking to compel contribution against the heirs of the deceased without alleging that the personal estate of the deceased has been exhausted, but, on the contrary, alleges that there is ample and sufficient personal estate to pay plaintiff's claim.

The court being of the opinion that said demurrer should be sustained, it is now, therefore, ordered and adjudged that the defendants' demurrer to said complaint be, and the same is hereby sustained, and that plaintiff's action is hereby dismissed at the cost of the plaintiff."

The plaintiff assigned error in sustaining the demurrer and dismissing the action, and appealed to the Supreme Court.

*P. S. Carlton and R. Lee Wright for plaintiff.*
*Walter H. Woodson, John C. Busby and Hayden Clement for defendants.*

CLARKSON, J.   The defendants demur: (1) That the court has no jurisdiction of the person of the defendants or of the subject of the action; (2) the complaint does not state facts sufficient to constitute a cause of action.

Defendants contend as to the first ground of demurrer: That plaintiff in its complaint is seeking to attack collaterally a final settlement filed by the administrators of N. B. McCanless, deceased, before the clerk of the Superior Court of Rowan County, and that the clerk alone has exclusive original jurisdiction to correct, modify, surcharge or set aside a final settlement of the administrators.

In *Horney v. Mills,* 189 N. C., at p. 728, it is said: "If the facts alleged in the complaint, admitted to be true, upon consideration of the demurrer, and construed liberally, with every reasonable intendment and presumption in favor of plaintiff, constitute a cause of action, in favor of plaintiff and against defendant, the demurrer must be overruled; otherwise the demurrer must be sustained." *Smith v. Smith,* 190 N. C., p. 764.

In *Houston v. Dalton,* 70 N. C., at p. 664, *Bynum, J.,* held: "The allegations of the complaint present a case of equitable jurisdiction only, according to our old judicial system, and when such is the case, the action is properly instituted in the Superior Court.   So a bill to surcharge and falsify an account, which is the nature of the action now before us, was always brought in the court of equity.   Adams' Eq., 222; *Murphy v. Harrison,* 65 N. C., 246."

Public Laws, 1876-7, ch. 241, sec. 6, is now C. S., 135, which is as follows: "In addition to the remedy by special proceeding, actions against executors, administrators, collectors and guardians may be brought originally to the Superior Court at term time; and in all such cases it is competent for the court in which said actions are pending to order an account to be taken by such person or persons as said court may designate, and to adjudge the application or distribution of the fund ascertained, or to grant other relief, as the nature of the case may require."

*Connor, J.,* in *Fisher v. Trust Co.,* 138 N. C., p. 98, said: "The jurisdiction of courts of equity to entertain administration suits, at the instance of creditors, devisees or legatees has been uniformly recognized and frequently exercised.   Such suits are less frequent since the distinction between legal and equitable assets has been abolished and full powers in the settlement of estates conferred upon courts of probate.   Whatever doubt may have existed in respect to the jurisdiction after the establishment of our present judicial system, was removed by the act of 1876, ch. 241, Code, sec. 1511 (C. S., 135); *Haywood v. Hay-*

*wood,* 79 N. C., 42; *Pegram v. Armstrong,* 82 N. C., 326." *Bratton v. Davidson,* 79 N. C., 423; *Shober v. Wheeler,* 144 N. C., 409; *Oldham v. Reiger,* 145 N. C., 254; *Clark v. Homes,* 189 N. C., 703.

In the present action the administrators and sureties on their bond, the administrators personally, heirs at law and distributees and widow of N. B. McCanless, are all made parties defendant. Plaintiff has obtained a judgment of $4,000 and interest against the administrators and it is unpaid. As to surety, see C. S., 358. The action is in the nature of a bill to surcharge and falsify the account. It was well settled under the old practice that an action of this kind could be brought in the court of equity. C. S., 135 (ch. 241, sec. 6, Laws 1876-7), *supra,* is in confirmation. We think the Superior Court had jurisdiction of the defendants and the subject of the action.

As to the second ground of demurrer, that the complaint does not state facts sufficient to constitute a cause of action, this cannot be sustained.

In *Bank v. Felton,* 188 N. C., at p. 385, it was held: "The contention by the defendants that the plaintiffs should have sued M. J. Felton, executor of Thomas Felton, and not the defendants, legatees and beneficiaries under the will of Thomas Felton, cannot be sustained. The record shows, and it is not disputed, that M. J. Felton was duly appointed and qualified as executor of the last will and testament of Thomas Felton. As executor, he advertised, as required by law, and, after the expiration of the year, filed a final account with the clerk of the Superior Court and settled with the legatees and beneficiaries. The suit is allowable by statute in such cases for the debts of such decedent unpaid and the extent of liability fixed. Consolidated Statutes on the subject are as follows: sections 45, 59, 60, 76 and 101."

When suit was brought against the administrators by plaintiff, at May Term, 1925, an issue was found that the administrators did not advertise for creditors as required by C. S., 45.

We can consider on a demurrer only such facts as appear in the complaint. Any other facts make it a "speaking demurrer." Such extrinsic matters cannot be considered. *Way v. Ramsey,* 192 N. C., 549; *Brick Co. v. Gentry,* 191 N. C., 636. The defendants contend that the plaintiff's complaint is in violation of C. S., 511, subsec. 5, as follows: "Sec. 511. The defendant may demur to the complaint, when it appears upon the face thereof, either that . . . (5) Several causes of action have been improperly united."

Defendants in their brief, after setting out the several alleged causes of action relied on by plaintiff, contend that they are improperly united and say: "This, briefly, is a concise statement of the alleged causes of

STATE *v.* McCANLESS.

action that plaintiff has joined in one single cause of action in a complaint both voluminous and ambiguous."

"If irrelevant or redundant matter is inserted in a pleading, it may be stricken out on motion of any person aggrieved thereby, but this motion must be made before answer or demurrer, or before an extension of time to plead is granted. When the allegations of a pleading are *so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment."* C. S., 537.

The causes of action are thrown together in no very logical way, but they are not demurrable as they are all bottomed on a common liability—all in some way interested in the subject of action or transaction connected with same subject of action. Under our Code the restrictions or joinder have been relieved somewhat by a liberal interpretation of the "same transaction." The modern decisions tend to freedom of joinder, and elementary restrictions on joinder of actions in both complaints and counterclaims. If any of the causes of action are good, the demurrer cannot be sustained.

In *Blackmore v. Winders,* 144 N. C., at p. 218, it is said: "Pomeroy on Rem., sec. 577: 'Where a demurrer is filed to several causes of action or to more than one defense, on the ground that no cause of action or no defense is stated, if there is a good cause of action in the one case or one sufficient defense in the other, the demurrer will be overruled as to all, and the same rule (the author says) also applies to a demurrer, for want of sufficient facts, by two or more defendants jointly; it will be overruled as to all who unite in it, if the complaint or petition states a good cause of action against even one of them.'" *Griffin v. Baker,* 192 N. C., 298.

It may be noted in cases of misjoinder, C. S., 516, is as follows: "If the demurrer is sustained for the reason that several causes of action have been improperly united, the judge shall, upon such terms as are just, order the action to be divided into as many actions as are necessary for the proper determination of the causes of action therein mentioned."

As heretofore said, the Superior Court has equitable jurisdiction in matters of this kind, as well as under C. S., 135, but it may also be noted that the concluding part of C. S., 135, is very broad and says "or to grant other relief as the nature of the case may require." This indicates elastic power. See *Killian v. Hanna, ante,* p. 17. The demurrer must be

Reversed.