MAHALAH EDNEY, ADMINISTRATRIX, v. RUTH EDNEY MATTHEWS ET AL.

(Filed 18 September, 1940.)

**Executors and Administrators §§ 13a, 31—Agreement held to have converted proceeding to sell lands to make assets into an administration suit, and petitioner could not object to being made party in individual capacity.**

In this proceeding to sell land to make assets, defendants pleaded the statute of limitations as to certain indebtedness alleged in petitioner's bill of particulars and asked for an accounting, and the parties thereupon agreed that the matters in controversy should be heard by the judge without a jury upon an agreed statement of facts, and that the judge might find such additional facts as he might consider necessary to a complete determination of the matters in controversy. *Held:* The proceeding was converted by consent into an administration suit, C. S., 135, and petitioner is precluded by the agreement from objecting to an order requiring her to be made a party in her individual capacity, C. S., 547, and to account for certain money paid to her either individually or as the widow of the deceased, the agreement not constituting the proceeding a controversy without action in which the authority of the court is limited to the matters submitted, C. S., 626.

APPEAL by plaintiffs from *Johnston, Special Judge,* at April-May Special Term, 1940, of CHOWAN.

Petition by administratrix to sell land to make assets.

Upon motion of the defendants, the plaintiff was required to make her petition more specific and to add thereto a bill of particulars. From this order of the clerk, the administratrix appealed to the Superior Court in term.

The order of the clerk was approved, whereupon the petitioner filed an amended petition, accompanying it with a bill of particulars. The defendants answered, pleaded the statute of limitations as to certain alleged indebtedness and asked for an accounting.

It was agreed that the matters in controversy should be heard by the judge, without a jury, upon an agreed statement of facts, and further that "the judge may find such additional facts as he may consider necessary to a complete determination of the matters in controversy."

In apt time, the defendants made motion that the administratrix be made a party in her individual capacity. Motion allowed; exception.

Upon the facts agreed and additional facts found by the judge, there was judgment of accounting, from which the plaintiffs appeal, assigning errors.

*P. H. Bell for plaintiffs, appellants.*

*W. D. Pruden for defendants, appellees.*

STACY, C. J. As was said in *Fisher v. Trust Co.,* 138 N. C., 90, 50 S. E., 592, the proceedings herein have been "somewhat eccentric and irregular." A special proceeding before the clerk, instituted by the personal representative of a decedent to sell land to make assets, is, by consent, converted into an administration suit and heard by the judge. C. S., 135. *Rigsbee v. Brogden,* 209 N. C., 510, 184 S. E., 24. If the parties are content to proceed in this way, perhaps the court ought not to object *sua sponte.* Its jurisdiction is not questioned. *Tillett v. Aydlett,* 93 N. C., 15.

There is objection, however, on the part of the petitioner, to the order requiring that she come in and account for certain moneys paid to her individually or as the widow of the deceased. On the record facts, the objection would seem to be untenable. C. S., 547. The apparent conversion of the proceeding, by consent, into an administration suit did not render it a controversy without action, C. S., 626, wherein the authority of the court is limited or confined to the matters submitted. *Waters v. Boyd,* 179 N. C., 180, 102 S. E., 196.

Objections are also made to several items in the account and to the findings of the court in respect thereof. These objections cannot avail in the face of the stipulation of the parties. It would serve no useful purpose to deal with them *seriatim.*

Upon the record as presented, the judgment of the Superior Court will not be disturbed.

Affirmed.