J. BEVERLY PRIVETTE, STEPHEN B. PRIVETTE AND LUCILLE PRIVETTE HYDE v. LOTTIE A. PRIVETTE MORGAN, IN HER OWN RIGHT AND AS ADMINISTRATRIX OF JOHN H. PRIVETTE, DECEASED, AND AS GUARDIAN OF THE PLAINTIFFS: HER HUSBAND, L. S. MORGAN; O. B. MOSS, COMMISSIONER: MOSES ALLEN AND J. D. DRIVER.

(Filed 26 March, 1947.)

**1. Pleadings § 30—**

A motion to strike irrelevant and redundant matter from the complaint, if made in apt time, involves a matter of right.

**2. Same: Appeal and Error § 40f—**

A motion to require an amendment or reformation of the complaint, to make it more certain, is addressed to the sound discretion of the trial court and denial of the motion will not be disturbed on appeal.

**3. Pleadings § 31—**

Where, in an action attacking the administratrix and guardian in the administration of an estate on the ground of fraud, recitals and denunciations of fraud in matters not necessary to a statement of any cause of action set forth in the pleading, G. S., 1-122, should be stricken as a matter of right upon motion made in apt time.

**4. Executors and Administrators § 13g—**

Where an administratrix has a dower interest in lands of the estate ordered to be sold to make assets, and the lands are subject to a mortgage, the administratrix is entitled to purchase the lands at her own sale in order to protect her interest therein as an exception to the general rule.

**5. Same: Pleadings § 31—Action against administratrix for fraud in con-nection with decrees entered in administration must sufficiently par-ticularize fraudulent acts relied on.**

Plaintiffs attacked the administration of the estate by defendant on the ground that defendant in the management of the estate, in the sale of lands to make assets, in the allotment to defendant of her widow's dower, in the allowance to her of her year's support, fraudulently acquired and converted to her own use personal and real property of the estate in violation of her duties as administratrix and guardian for plaintiffs, and plaintiffs attacked on the ground of fraud each order and decree of the clerk entered within his statutory jurisdiction in the administration. G. S., 28-147. *Held:* General denunciation of the acts of the administratrix as fraudulent without sufficiently particularizing the acts of defendant upon which the charge of fraud is based are insufficient to raise justiciable issues, and defendants' motion, made in apt time, to strike such allegations from the complaint should have been allowed as a matter of right.

APPEAL by Lottie A. Privette Morgan and L. S. Morgan from *Stevens, J.,* at November-December Term, 1946, of NASH.

The plaintiffs brought this action for relief against the *feme* defendant, individually, and as administratrix of the estate of her deceased husband, John H. Privette, and guardian of the plaintiffs, alleging fraud in all three capacities in the conduct of the trust committed to her and in the acquisition and conversion, it is alleged, of funds and property now rightly belonging to the plaintiffs. The plaintiffs are children of Mrs. Morgan and at the times alleged in the complaint, were minors.

Mrs. Privette remarried after the death of her husband, John H. Privette, and her present husband, L. S. Morgan, is joined as party defendant because of that relationship. O. B. Moss was Commissioner under order of court in some of the transactions referred to; and Moses Allen and J. D. Driver were tenants upon a portion of the disputed properties, paying rent to Mrs. Morgan. Hereinafter Mrs. Lottie Privette Morgan will be referred to as the defendant.

Prior to the institution of this action the administratrix and guardian had filed her final account in each capacity, showing a balance due her as administratrix of $841.05, and a balance due her four wards of $147.52, now in the hands of the Clerk.

The complaint contains 30 allegations, 12 demands for relief, and occupies 20 pages of the record. Its full reproduction here is impracticable; a description of the nature of the case, the allegations and demands, will suffice.

The complaint purports to give a connecting story of the transactions of the defendant in her capacity as administratrix, and guardian of the plaintiffs. Its burden is the fraud of defendant in connection with the principal incidents of administration, presented as a continuing scheme

to deprive the plaintiffs of real and personal property rightfully belonging to them as heirs and distributees of the estate. The denunciations of fraud extend to the procurement of the decrees and orders of the probate court and the sale of lands to make assets, the appointment of a commissioner and confirmation of the same; the allotment of the widow's dower; the allowance of her year's support; the order of rental of land belonging to the estate; and other legal steps taken while acting under the orders, authority and supervision of the probate court, or Clerk acting within his statutory jurisdiction.

In a prayer for relief the plaintiffs demand that all the orders and decrees of the Clerk made in these connections, as well as the allowance of the year's support shown to have been made under the proper legal procedure, be vacated on grounds of fraud; that a receiver be appointed for recoverable property, including the real estate claimed by plaintiffs; that the defendants Allen and Driver be required to pay the rents to such receiver; and that an account be taken covering defendant's entire dealing with the estate.

On the hearing of the application for the appointment of a receiver before Stevens, J., the defendant, in lieu of such appointment, was required to file a bond in the sum of $10,000 to protect the rights of the plaintiffs in the litigation. The bond was duly filed.

Before the time to answer had expired the defendant moved to strike out from the complaint certain matter as irrelevant, redundant, and prejudicial; also filed a motion asking the plaintiffs' pleading be stricken from the record and that they be required to replead, for that the objectionable matter was so interspersed and intermingled in the complaint and so affected its allegations, as to render it impossible to eliminate it otherwise.

The motion to strike is directed towards all the allegations of the complaint, from 4 to 30, inclusive. It is predicated upon the irrelevancy of these allegations to any of the demands for relief made by the plaintiffs or to any relief which the court might afford upon the facts presented; to the reiterated charges of fraud made in the complaint without sufficient particularization of the fraudulent acts or conduct constituting the fraud in their relation to the various orders, decrees and administerial acts attacked; and to general denunciations as fraudulent acts and conduct of the defendant, which upon the face of the complaint, were innocent and lawful. Detailed reference to each paragraph of the complaint and the allegations thereof is not considered necessary to the decision.

Upon the hearing the trial judge declined both motions over the objection of the defendant, who excepted and appealed.

*Cooley & May, Sharp & Pittman,* and *Battle, Winslow & Merrell* for plaintiffs, appellees.

*L. L. Davenport* and *Hobard Brantley* for defendants, appellants.

SEAWELL, J.   The appeal poses the question whether there was error in declining either or both of the motions made by the defendant: To strike from the complaint certain objectionable matter specifically pointed out; or to strike the complaint from the files and order the plaintiffs to replead.   The first motion, if made in time, as it is here, involves a matter of right.   *Parrish v. Atlantic Coast Line R. R. Co.,* 221 N. C., 292, 20 S. E. (2d), 299; *Hill v. Stansbury,* 221 N. C., 339, 20 S. E. (2d), 308; *Patterson v. R. R.,* 214 N. C., 38, 198 S. E., 364.   The second, viewed as a motion to require an amendment or reformation of the complaint, to make it more certain, is within the discretion of the lower court.   *Womack v. Carter,* 160 N. C., 286, 75 S. E., 1102; *Tickle v. Hobgood,* 212 N. C., 762, 194 S. E., 460.   We examine the questions presented in that light.

The gravamen of plaintiffs' case is the alleged fraudulent conduct of the defendant in using the orders and decrees of the Clerk, acting within his statutory jurisdiction, and the offices of various commissioners duly appointed or acting with statutory authority, as devices in furtherance of a scheme to acquire and convert to her own use the personal and real property of the estate committed to her care, in violation of her duties as administratrix and guardian, and to the injury of her wards who now claim the property as heirs and distributees.

In the course of the pleading a direct attack is made on every decree and judgment made by the court in the course of the administration which might affect the present claim.   The principal attack is made on the order to sell the lands of decedent to make assets, the sale and order of confirmation, and the acquisition thereof by the defendant out of her own funds; the order permitting the administratrix to rent the lands; the allotment of the widow's dower, with the orders relating thereto, and the assignment of the widow's year's allowance.

In addition to this the complaint contains many recitals and denunciations of fraud in matters not necessary to a statement of any cause of action suggested in the pleading, and which are obviously in disregard of the requirements of G. S., 1-122, with respect to the nature and contents of pleadings, and prejudicial to the defense.   The liberality which we are required to give pleadings does not go to the extent of ignoring irrelevant, redundant or unnecessary matter in the face of a motion to strike, asserted as a matter of right.

We return for consideration to the allegations relating to the acts of the defendant under authority of the orders and decrees above mentioned. There is no demurrer to the complaint or exception taken to the jurisdic-

tion of the Superior Court to vacate the orders and decrees of the probate court in its jurisdiction, already acquired, through annulment of its judicial acts, thus providing a *nunc pro tunc* administration in the Superior Court to be accomplished in a matter of hours.

The plaintiffs profess to bring this action under authority of G. S., 28-147, which provides:

"Suits for accounting at term.—In addition to the remedy by special proceeding, actions against executors, administrators, collectors and guardians may be brought originally to the superior court at term time; and in all such cases it is competent for the court in which said actions are pending to order an account to be taken by such person or persons as said court may designate, and to adjudge the application or distribution of the fund ascertained, or to grant other relief, as the nature of the case may require."

After long years of resort to this enabling statute the jurisdiction it confers on the Superior Court has not been clearly defined. It has frequently been declared to be concurrent with that of the Probate Court in matters of special proceedings, where it applies. *Fisher v. Trust Co.,* 138 N. C., 91, 98, 50 S. E., 592; *Shober v. Wheeler,* 144 N. C., 403, 57 S. E., 152; *Leach v. Page,* 211 N. C., 622, 191 S. E., 49; *S. v. McCanless,* 193 N. C., 200, 204, 135 S. E., 71. Many general expressions will be found touching the jurisdiction of the court, of which the following are typical:

"In all these cases it is held that concurrent jurisdiction of the probate court is conferred on the superior court in a civil action to settle estates and to subject real estate to the payment of debts." *Shober v. Wheeler; supra,* p. 282.

*Leach v. Page, supra,* p. 625, "The distributees of an estate may bring suit originally in the superior court against an administrator for an accounting and for a breach of his bond."

But, in every instance of which we are aware, where the jurisdiction of the Superior Court has been invoked, these general terms are subject to limitations of a practical nature as viewed from their use within the frame of the particular case. We have found no case where the jurisdiction has been extended to a step by step annulment of the judgments and decrees made by the probate court.

It is true that a void judgment may be attacked by motion in the cause, or an independent action, but upon the allegations of the complaint we find but one transaction that might definitely be pursued as of that nature; that is the allegation that the administratrix became the purchaser of the lands of the estate, sold to make assets, and took title in her own name. In this case it appears from the complaint that the lands were under mortgage, that the administratrix had a dower interest therein, and the reasonable inference is that she bought out of her

Privette *v.* Morgan.

own funds to protect her interest in the lands, which she had a right to do, under an exception to the rule. *Froneberger v. Lewis,* 79 N. C., 426. As suggested by the Court in *Edney v. Matthews,* 218 N. C., 171, 172, 10 S. E. (2d), 619, perhaps the court is not required to raise the question of jurisdiction *sua sponte,* and, therefore, we reserve consideration of this question until decision is more urgently demanded. But see *Shepard v. Leonard,* 223 N. C., 110, 25 S. E. (2d), 445; *Hopkins v. Barnhardt,* 223 N. C., 617, 27 S. E. (2d), 644; *S. v. Miller,* 225 N. C., 213, 34 S. E. (2d), 143; *S. v. Morgan,* 226 N. C., 414, 38 S. E. (2d), 166.

However this may be, we are of the opinion that the general denunciation of the acts of the administratrix as fraudulent in connection with the orders and decrees above mentioned are fatally defective in not sufficiently particularizing the acts of defendant upon which the charge is based and do not, therefore, raise issues cognizable by the Court. *Development Co. v. Bearden, ante,* 124, 127, 128.

In its factual situation and principles involved, the case before us is so similar to *Development Co. v. Bearden, supra,* that its decision may be controlled by that case.

Without prolonging the discussion or taking up the space required for a restatement of the matters which must be deleted from the complaint, we refer to the defendant's first motion to strike, set out in the record, which we are constrained to hold should have been allowed.

We are advertent to the fact that the body of the plaintiffs' action is thus removed; but they are still at liberty, by repleading, to assert any substantial right they may have under the cited statute. Perhaps, if we were dealing with a question of right under the motion to strike out the complaint, which we are treating as a motion to amend under the statute, our task would be simpler; but as we have stated, action thereupon was within the discretion of the court below, a discretion with which we do not interfere.

The judgment of the court below upon defendant's motion to strike, is reversed. The cause is remanded for judgment in accordance with this opinion.

Reversed and remanded.