PERCY B. HOLDEN v. W. L. TOTTEN and H. K. COBB, Sheriff of GREENE COUNTY.

(Filed 19 November, 1947.)

**1. Judgments § 23—**

A party may not enjoin execution on a judgment until the statute of limitations has run and then plead the bar of the statute against the judgment.

**2. Judgments § 32—**

A judgment may not be attacked on the ground that defendant was released by the release of his co-debtor, who was not a judgment debtor, when such defense could have been raised prior to the final judgment.

**3. Judgments § 25—**

A judgment rendered on a *supersedeas* bond is of independent force and may not be attacked on the ground that the original judgment was void except for fraud or essential invalidity of the original judgment.

Plaintiff's appeal from *Burney, J.,* at June Term, 1947, of Greene.

The question immediately before the Court involves the validity of an order of Burney, J., dismissing the action brought by plaintiff to have a judgment formerly rendered against him canceled as a cloud upon his

title and dissolving an injunction against execution thereon which had been continued to the hearing.

The controversy stemmed from a judgment by default rendered in the Superior Court of Durham County against Holden and others, in favor of the North Carolina Joint Stock Land Bank at the October, 1934, Term, purporting in the original minute record to have been rendered by Judge G. V. Cowper, but signed by E. H. Cranmer, "Clerk Superior Court." On 12 July, 1935, a transcript of this judgment was sent to the clerk of the Superior Court of Greene County, where the present plaintiff was, and is, a resident, and execution thereon issued for enforcement of the judgment by levy upon his personal and real estate. The defendant therein—the present plaintiff, brought an action to have the judgment declared void and removed as a cloud upon his title, and procured a temporary injunction against the defendant Totten to prevent levy and sale under the execution.

The matter came up for a hearing before Judge Frizzelle at Chambers 29 April, 1944, upon the question of continuing the restraining order to the hearing in the Superior Court. At this hearing before Judge Frizzelle it was made to appear by affidavit of the Clerk of the Superior Court of Durham County that Judge Cowper held the Superior Court of Durham County for the week beginning 22 October, 1934, and ending 27 October, and that Judge E. H. Cranmer held the court for the following week, and in order that the record might speak the truth he had eliminated the name of Judge Cowper from the body of the writing, and struck out the designation "Clerk of the Superior Court" under Judge Cranmer's signature and substituted therefor the designation "Judge"; further testifying that the transcript to Greene County was from the minute docket. Judge Frizzelle continued the injunction to the hearing on the merits.

On appeal of defendant Totten, the Supreme Court, expressing no view upon what should be the final outcome upon the merits, affirmed Judge Frizzelle's judgment continuing the restraining order and passed upon certain jurisdictional questions not now at issue, 224 N. C., 547, 551, 31 S. E. (2d), 635.

When in due course the case was called for trial it was made to appear that a motion was pending in the original suit in Durham County to correct the record and "that the plaintiffs in this case have set up their rights before the court in this motion," and plaintiffs asked for a continuance until the motion could be heard. The motion to continue was overruled; and upon the ensuing hearing the trial court found the judgment challenged to be void, and ordered it canceled from the record as a cloud upon the plaintiffs' title. On appeal of defendant Totten to this Court, it was held that the apparent irregularity in the original judgment

was correctable under the pending motion in Durham County, and that the defendant ought to be permitted to pursue his legal remedy there "before asking further aid from a court of equity"; and that the lower court was in error in proceeding to judgment before the motion to correct the record could be heard. *Holden v. Totten,* 225 N. C., 558, 35 S. E. (2d), 635.

The motion to correct the record was heard before Grady, Emergency Judge, at March Term, 1946, of Durham Superior Court, who found the facts, without objection, and entered an order correcting the judgment in accordance with the facts found. Holden, defendant in that case, excepted and appealed to the Supreme Court, giving a *supersedeas* bond to stay execution in the sum of $7,000, with R. A. Mewborn, surety. In an opinion of the Court written by *Mr. Justice Devin,* the order of the lower court correcting the record was affirmed, the opinion, in appropriate language, confining decision to the subject matter of the appeal. 227 N. C., 105.

After this decision came down, at January Term, 1947, and upon notice served on defendant and R. A. Mewborn, his surety, upon motion of Totten, successful appellant, Judge R. Hunt Parker, finding the facts and including in them a *verbatim* quotation of the *supersedeas* bond, rendered judgment against Holden and his surety thereupon, limiting recovery to $2,263.39, with interest from 10 January, 1933, the sum found to be due, and costs. There appears to be no appeal from this judgment.

Totten caused execution to be issued on this judgment, and Holden, instituting the present suit, procured an order from Judge Frizzelle, returnable before Judge Burney, and set up in his complaint that the original judgment had become barred by the statute of limitations and that he was in law released from it by the release of Warren, a co-debtor but not a judgment debtor, by Totten's assignor, the Joint Stock Land Bank.

The whole matter came on for a hearing before Judge Burney at June Term, 1947, of Greene County Superior Court, who found the facts, dissolved the restraining order, and dismissed the action. Plaintiff appealed.

*J. Faison Thomson and K. A. Pittman for plaintiff, appellant.*
*Bennett & McDonald and R. M. Gantt for defendant, appellee.*

SEAWELL, J. When we follow the record step by step, in this protracted litigation we are left with few comments on the result.

The challenge to the original judgment went into the archives with its approved correction and the intervention in due course of a problem

more vexing to the present appellant in the later judgment on the *seper-sedeas* bond with the enforcement of which the present appeal is concerned. Singularly enough, in the present action, the plaintiff harks back to the judgment in the original suit, leaving the judgment on which execution has been issued practically unassailed, although it is of independent force.

If the original judgment were at this time open to challenge, it would be a strange sort of equity that would permit the defendant in execution to stay proceedings by successive injunctions until, in the ripeness of time, he could effectively plead the statute of limitations. In a similar connection *Judge Storey* said: "A party shall not avail of a legal right for the purpose of fraud, oppression, injustice, or injury." In *Marshall v. Minter*, 43 Miss., 666, from which the above quotation is taken, it is said: "Where a party gains a legal advantage by the act or omission of the court, equity ought not to allow him to avail of it; that if the advantage consists in the bar of the statute of limitations, accrued pending an injunction, although the creditor might have had, on motion, a modification of the restraining order, so as to save his right, his omission to make the application shall not prejudice him." See Anno., 21 A. L. R., 1057, (VI).

The plea that plaintiff in that action was released by the composition of Warren with the original creditor—the Joint Stock Land Bank,—or his release by the bank, should have been made in the original action, if available at all; in other words, it was his duty to put that matter in litigation at the first opportunity; and he has suffered two judgments to be entered against him fixing his liability and the amount due, one by default and the other without appeal.

The present plaintiff has brought two independent actions relating to his supposed matters of defense in the original action brought by the Joint Stock Land Bank Co. The first of these actions was for the purpose of having the former judgment declared void; and an independent action for that purpose is within the law and the practice. In this he failed. The present action stands upon a different footing. The plaintiff cannot, through the instrumentality of an independent action, instigate a review of the various processes, orders, and judgment validly made by a court in the exercise of its jurisdiction in another proceeding, and final in their nature, where neither fraud nor essential invalidity appears. *Development Co. v. Bearden*, 227 N. C., 124; *Privette v. Morgan*, 227 N. C., 264.

We find no error in the record and the judgment of the court below, dissolving the injunction and dismissing the action, is

Affirmed.