E. R. RHODES, JR., v. JOHN PAUL JONES AND LUCILLE C. JONES.

(Filed 1 November, 1950.)

1. **Trusts § 5c—Competency of allegations in action to have defendant declared a trustee ex maleficio.**

In an action to have defendant declared a trustee *ex maleficio* on the ground that he first acquired plaintiff's trust and confidence to such extent as to occupy a confidential or fiduciary relationship and then took advantage of his position of trust to plaintiff's hurt, *held* mere allegation that defendant had won plaintiff's trust and confidence and obtained the deed in question by fraud and undue influence would not be sufficient, but plaintiff was entitled to allege the facts and circumstances which created the relationship of trust and those which led up to and surrounded the consummation of the transaction attacked, including allegations as to plaintiff's youth and inexperience, the series of transactions between them by which defendant won plaintiff's confidence, the duration and character of their friendship, as well as the fact that plaintiff was possessed of a substantial estate, but not as to its method of accumulation.

2. **Pleadings § 31—**

Allegations should be stricken only when they are clearly improper, impertinent, irrelevant, immaterial, or unduly repetitious, but defendant is not entitled to have stricken allegations of material fact even though they may not be stated in the most concise manner and even though containing scenery and stage decorations.

**3. Pleadings § 3a—**

The complaint should set forth the essential facts without alleging evidential facts better left for proof at the time of trial. G.S. 1-122.

APPEAL by plaintiff from *Bobbitt, J.,* September Term, 1950, CATAWBA. Modified and affirmed.

Civil action to have defendant John Paul Jones declared trustee *ex maleficio,* heard on motion to strike allegations in the complaint.

Defendants move to strike paragraphs 3 to 9, both inclusive, paragraphs 12 and 14, and parts of paragraphs 11 and 15 of plaintiff's complaint. When the motion came on for hearing, the court entered judgment striking all of paragraphs 3 to 9, both inclusive, and parts of paragraphs 11, 14, and 15. Plaintiff excepted and appealed.

*Louis A. Whitener, Jonas & Jonas, and David Clark for plaintiff appellant.*

*L. B. Beam and Tillett, Campbell, Craighill & Rendleman for defendant appellees.*

BARNHILL, J. Plaintiff bottoms his cause of action on the assertion that John Paul Jones, the real defendant to whom alone reference is hereinafter made, first won and then abused his trust and confidence. That is, he relies, in part at least, upon the presumption of fraud which arises upon the breach of a confidential or fiduciary relationship. He alleges that the defendant, having first won his confidence, induced him, the plaintiff, to convey to defendant a 304-acre farm, upon which was located a filling station, upon the representation that he, the defendant, could and would arrange a loan on the property to relieve plaintiff of his financial difficulties caused by advancements made by him to defendant and then reconvey the property to plaintiff; that the deed was executed and that defendant obtained a loan, sold the filling station and lot, repaid the loan and now refuses to reconvey the premises as he was in duty bound to do.

"Constructive fraud often exists where the parties to a transaction have a special confidential or fiduciary relation which affords the power and means to one to take undue advantage of, or exercise undue influence over the other. A course of dealing between persons so situated is watched with extreme jealousy and solicitude; and if there is found the slightest trace of undue influence or unfair advantage, redress will be given to the injured party." 23 A.J. 764; *McNeill v. McNeill,* 223 N.C. 178, 25 S.E. 2d 615. It is upon this principle plaintiff relies.

In stating his cause of action under this principle of law, it is not sufficient for plaintiff to allege merely that defendant had won his trust

and confidence and occupied a position of dominant influence over him. Nor does it suffice for him to allege that the deed in question was obtained by fraud and undue influence. *Privette v. Morgan,* 227 N.C. 264, 41 S.E. 2d 845; *Nash v. Hospital Co.,* 180 N.C. 59, 104 S.E. 33; McIntosh, Practice and Pleading, 352, sec. 351. Essential fullness of statement must not be sacrificed to conciseness. *Hartsfield v. Bryan,* 177 N.C. 166, 98 S.E. 379.

It is necessary for plaintiff to allege the facts and circumstances (1) which created the relation of trust and confidence, and (2) led up to and surrounded the consummation of the transaction in which defendant is alleged to have taken advantage of his position of trust to the hurt of plaintiff.

This, *ex necessitate,* includes plaintiff's youth and inexperience, that is, his susceptibility to influence; and the numerous transactions between the two in which defendant won plaintiff's confidence and assumed the position of counsel to him and manager of his estate, as well as the particular representations made at the time the transaction complained of was consummated. *Development Co. v. Bearden,* 227 N.C. 124, 41 S.E. 2d 85; *Cotton Mills v. Manufacturing Co.,* 218 N.C. 560, 11 S.E. 2d 550; *Hartsfield v. Bryan, supra.* The plaintiff has undertaken to allege these facts and circumstances with some profuseness. Certainly the material facts might be stated in a more concise manner, but this alone is not sufficient cause for striking them from the complaint. *Barron v. Cain,* 216 N.C. 282, 4 S.E. 2d 618.

Allegations should be stricken only when they are clearly improper, impertinent, irrelevant, immaterial, or unduly repetitious. *Poovey v. Hickory,* 210 N.C. 630, 188 S.E. 78; *Hill v. Stansbury,* 221 N.C. 339, 20 S.E. 2d 308. Mere scenery and stage decoration contained in a pleading do not warrant the conclusion that such may form the basis for the introduction of incompetent evidence at the trial.

While the plaintiff here may have devoted too much attention to such scenic decoration of his cause of action, it does not follow as a matter of law that the allegations in his complaint purporting to disclose the course of dealing between him and the defendant which led up to the final transaction about which he complains are wholly irrelevant and immaterial. *McDonald v. Zimmerman,* 206 N.C. 746, 175 S.E. 92.

The court properly struck the allegations in paragraph 3. That plaintiff was possessed of a substantial estate, and not the method of its accumulation, is the essential fact. On the other hand, the allegations in paragraph 5 to the effect that plaintiff and defendant became acquainted in 1924, that defendant employed plaintiff and that defendant gave plaintiff flying lessons are not improper or irrelevant. They form a part of the story of their friendship which plaintiff alleges grew to the point

where defendant had a commanding influence over him.   Likewise, paragraphs 6 to 9 inclusive detail some of the means employed by defendant to acquire such an influence over plaintiff, and, except for the last clause in paragraph 7, should not be stricken.

Nor may we concur in the view that any part of paragraph 11 should be stricken.   The large amounts advanced by plaintiff to defendant, without security, as well as their other transactions, tend to show the relations between the parties and the abiding confidence plaintiff had in defendant.

The plaintiff's characterization of defendant's alleged scheming conduct in paragraph 14 seems harsh and offensive to defendant.   Yet, if plaintiff has correctly alleged the facts, it is not entirely inappropriate.   At least the plaintiff has the right to place his label upon it.

The portion stricken from paragraph 15 is not improper.   It serves to connect the former allegations with what is there asserted.   While of little importance either way, it certainly does defendant no injustice.

The statute, G.S. 1-122, prescribes an ideal pattern for the drafting of a complaint.   Counsel should undertake to comply with its requirements without alleging evidential facts better left for proof at the time of the trial.   They should set forth the essential facts and then buttress them with the more minute details at the hearing.

We will not undertake to particularize as to what is essential and what is mere detail.   We do, however, suggest that plaintiff's counsel redraft their pleadings, having in mind what is here said.   They make a clear and concise, though abbreviated, statement of plaintiff's cause of action in their brief.   We are quite sure they can state his cause of action with equal clarity and succinctness and without undue elaboration in a redrafted pleadings.

The judgment entered must be modified in conformity with this opinion.

Modified and affirmed.