Justice BEASLEY concurring in part and dissenting in part.
I agree with the holding of the majority that there are genuine issues of material fact regarding (1) when plaintiff's professional negligence **13 claim accrued under the statute of repose and (2) plaintiff's fraudulent concealment claim under a theory of actual fraud. Because plaintiff failed to plead a constructive fraud theory supporting her claim for fraudulent concealment in her complaint, however, I would hold that plaintiff is procedurally barred from asserting a constructive fraud theory on remand from this Court.
While North Carolina is a "notice pleading" jurisdiction, requiring generally that complaint allegations provide a "short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief," N.C.G.S. § 1A-1, Rule 8(a)(1) (2017), plaintiff's allegations were insufficient to put defendants on notice of a constructive fraud theory supporting plaintiff's fraudulent concealment claim. Pleading standards for fraud claims under North Carolina law are even more exacting. See id. Rule 9(b) (2017) (requiring plaintiffs asserting fraud claims to plead "the circumstances constituting fraud ... with particularity"). As the majority recognizes, "[t]o assert a cause of action for constructive fraud, the plaintiff must allege facts and circumstances '(1) which created the relation of trust and confidence, and (2) led up to and surrounded the consummation of the transaction in which defendant is alleged to have taken advantage of his position of trust to the hurt of plaintiff.' " Rhodes v. Jones , 232 N.C. 547, 549, 61 S.E.2d 725, 726 (1950). Here, plaintiff failed to plead facts with or without particularity supporting the existence of a relationship of trust and confidence between plaintiff and defendants: she did not plead the existence of a fiduciary relationship, or that she placed any special trust or confidence in defendants beyond that which any client places in his or her accountant, or that defendants owed her an independent duty to disclose that her returns were not filed. Instead, plaintiff pleaded that defendant Towson "concealed the fact that [her] 2006 and 2007 federal tax returns had not been filed with the IRS," that the "concealment was reasonably calculated to deceive" and "made with the intent to deceive," that she actually was deceived, and that, consequently, she was damaged by defendants' concealment. These are the classic elements of an actual fraud theory for *840 fraudulent concealment, but they fall short of putting defendants on notice that plaintiff was claiming a constructive fraud theory.
Thus, when defendants moved for summary judgment on the plaintiff's claim for fraudulent concealment, plaintiff had no constructive fraud theory properly before the trial court. Despite defendants' repeated efforts to extinguish this would-be claim on grounds of **14 plaintiff's procedural default, both in their arguments before the trial court in response to plaintiff's summary judgment arguments and in their briefs to the Court of Appeals and this Court, the majority erroneously allows plaintiff to raise a new, unpleaded cause of action in response to defendant's summary judgment motion. Although I concur with the remainder of the majority's reasoning and holding, I dissent from the majority's holding that plaintiff may proceed on a constructive fraud theory of fraudulent concealment on remand.