J. H. MOSS, ADMINISTRATRIX OF D. J. MOSS, DECEASED, v. RAYMOND BOWERS AND T. C. KIMEL.

(Filed 13 December, 1939.)

**1. Appeal and Error § 40f—**

In reviewing a judgment sustaining a demurrer, the Supreme Court will accept the facts alleged in the complaint as true.

**2. Sheriffs § 6d—Injury inflicted by escaped prisoner held not foreseeable, and sheriff and deputy were not individually liable therefor.**

This action was instituted against the sheriff and his deputy in charge of the jail in their individual capacities. The complaint alleged that the jailer, with the knowledge of the sheriff, left the jail in charge of his minor daughter, and that she, in his absence, and as the agent of defendants, wrongfully unlocked a cell door and permitted two hardened and dangerous criminals to escape, that defendants negligently failed to warn promptly the authorities of the city in which one of the criminals had his home of the fact of his escape, and that this criminal shot and killed plaintiff's intestate in said town in attempting to commit a robbery and attempting to escape from the city. *Held:* Defendants' demurrer to the

complaint was properly sustained, since the injury and death of intestate, considering the facts alleged in the light most favorable to plaintiff, was not foreseeable as the natural and probable consequences of the negligent or wrongful acts alleged.

APPEAL by plaintiff from *Olive, J.,* at June Term, 1939, of DAVIDSON. Affirmed.

The plaintiff administratrix brought this action to recover for the death of the intestate, D. J. Moss, who, it was alleged in the complaint, was murdered by one Godwin, a prisoner in the custody of the defendant sheriff in the common jail of Davidson County, and who, prior to the murder, was permitted to escape through the negligence or wrongful conduct of the sheriff.

The allegations of the complaint, and particularly the recitals of fact therein, taken as true, are to the effect that one James Godwin had been properly committed to the custody of the sheriff, to be held in the common jail of Davidson County, upon a charge of housebreaking and robbery, and felonious assault upon his grandfather; that Godwin had committed other crimes and felonies, and had felonious and criminal inclinations and propensities to commit other felonies and crimes to the full knowledge of the defendant Bowers, sheriff, and his codefendant, T. C. Kimel, who was keeper of the common jail, performing his functions under the direction and authority of the sheriff; that T. C. Kimel, the jailer and codefendant, with the knowledge of the sheriff, left the felons and criminals kept in the custody of the common jail in the care of Lula Belle Kimel, a minor daughter of the jailer, to whom was committed the keeping and custody of the common jail and the keys thereto; that the aforesaid James Godwin while in jail "made love" to the said Lula Belle Kimel and they were sweethearts; and that on account thereof Godwin was being "shown and granted favors and concessions as a felon and prisoner in said common jail by the sympathy and love and at the hands of the said Lula Belle Kimel, agent and servant, acting within the scope of her employment, power and authority, of the defendants and each of them jointly and severally as keepers of said common jail," and custodians of the said James Godwin and other felons and criminals.

It is further alleged that on 3 October, 1938, while the defendants were absent from the jail, and while the defendant, T. C. Kimel, was several miles away from the jail attending to his private affairs at his farm, the jail keys having been left with said Lula Belle Kimel, the said Lula Belle Kimel "wrongfully and unlawfully, willfully and wantonly, negligently and knowingly, unlocked the prison doors to said jail and turned over to James Godwin" a pistol and pistol cartridges and permitted and allowed said Godwin and one William Wilson to escape from the jail.

As alleged, these two escaping prisoners secretly left the jail, found a taxicab, and, at the point of a pistol, compelled the driver to take them to Lexington and thence to High Point and to the home of James Godwin in the latter city, where the escaping "felons" secured another pistol, and, continuing their excursion, bound and gagged the chauffeur of the taxicab, took his cab away from him, and drove to a point near the Adams Millis Hosiery Mills; that while engaged in an attempt to rob a man at the aforesaid place, and attempting to escape therefrom in the nighttime, at about eight o'clock, the said Godwin "wrongfully and unlawfully, willfully and wantonly, negligently and feloniously, fatally shot and wounded D. J. Moss, plaintiff's intestate, from which shot and fatal wound the said D. J. Moss died on the 4th day of October, 1938."

The complaint alleges that the escape of the prisoner, Godwin, wrongfully permitted in the manner described, was the proximate cause of the death of plaintiff's intestate, and further summarizes as the substance of the negligence charged that it was the duty of the defendants, as keepers of the common jail, "under the conditions, facts, and circumstances existing," "to exercise toward the public, and especially plaintiff's intestate, not only ordinary care but the highest degree of care, foresight and forethought, all of which defendants, and each of them, wrongfully and unlawfully, willfully and wantonly, recklessly, indifferently and negligently failed to do, perform, or execute; but on the contrary, as plaintiff alleges on information and belief, when the defendants obtained actual knowledge that their agent, servant, and assistant as keeper of said jail and said felons and prisoners therein, had unlocked the door of said jail and allowed the said James Godwin and the said William Wilson to take a loaded pistol with other pistol cartridges and escape from said jail, with knowledge of the fact that James Godwin was a desperate, vicious, wicked, and cruel criminal and felon, and that his home was in the city of High Point, did not notify the officers of the law or anyone else in or around High Point of the escape of the said Godwin and Wilson, and the facts aforesaid, until several hours after said escape and several hours after the defendants had actual knowledge of the facts, conditions, and circumstances aforesaid, and until after the said James Godwin had fatally wounded plaintiff's intestate as aforesaid."

Other allegations relate to the damages sustained by the decedent's estate.

The defendants demurred to the complaint and, from a judgment sustaining the demurrer, the plaintiff appealed.

*Walser & Wright, Gaston A. Johnson, and D. H. Parsons for plaintiff, appellant.*

*P. V. Critcher, Marlin & Brinkley, and Phillips & Bower for defendants, appellees.*

SEAWELL, J.   We accept the allegations of this complaint, and the facts therein set up, as true, for the purpose of passing on the demurrer. *Ins. Co. v. McCraw,* 215 N. C., 105; *Toler v. French,* 213 N. C., 360, 196 S. E., 32; *Andrews v. Oil Co.,* 204 N. C., 268, 168 S. E., 228; *Ballinger v. Thomas,* 195 N. C., 517, 142 S. E., 761.   As to the factual situation thus appearing, the nearest case in point in our own reports seems to be *Sutton v. Williams,* 199 N. C., 546, 155 S. E., 160.   In that case the sheriff was sued in his official capacity, with the surety on his bond, for having negligently permitted the escape of a prisoner, who, driving an automobile, with the authority and consent of the sheriff, negligently ran into a car driven by the plaintiffs in that case and seriously injured them.

From the law side, however, we get little or no aid to the decision of the case at bar.   A demurrer to the complaint was sustained in the lower court upon the ground that the official bond of the sheriff was not liable under the law.   The opinion of the court upheld the judgment sustaining the demurrer principally upon considerations respecting such liability.

This Court has recently had occasion to deal with the question of liability of the surety and of the sheriff in his official capacity for certain wrongful acts of the sheriff (*Price v. Honeycutt, ante,* 270), and the conclusion reached may not be thoroughly in accord with all that was said in *Sutton v. Williams, supra.*   But these questions are not involved in the case at bar, since the sheriff and his deputy are not sued in their official capacity, and the surety is not a party.   *Sutton v. Williams, supra,* concludes with the significant statement: "Whether the sheriff is personally liable for injury proximately resulting from the negligence of Williams is a question we are not called upon to decide. The complaint is not specific on the point whether Williams at the time of the injury was on an errand for the jailer or the sheriff; and the allegation that he drove the car with the authority and consent of the sheriff, if construed most strongly against the sheriff, would raise a question only as to his personal liability.   An officer may be liable personally although not liable on his bond.   *Holt v. McLean,* 75 N. C., 347."

We do not undertake to decide here whether a sheriff who has negligently or wrongfully permitted a prisoner to escape may not, under any circumstances, be held liable to a person who has received an injury at the hands of the prisoner thus enlarged.   But in this case, considered as to its foreseeability, and in the most favorable light thrown on the transaction in the complaint, we do not regard the injury and death of plaintiff's intestate as being within the natural and probable consequences of the negligent or wrongful acts imputed to the sheriff and his codefendant.

Where it is apparent from the complaint that the injury complained of is too remote to be referred to the negligence of the defendant as the proximate cause, no cause of action is stated and a demurrer made in apt time will be sustained.

The judgment is
Affirmed.