Civil action for recovery of damages resulting from alleged actionable negligence.
The complaint of plaintiff alleges, briefly stated, that some time during the latter part of September, 1938, defendant sold a preway, coraflame gasoline and kerosene stove to one B. E. Riggs, and delivered same to him at his apartment adjacent to that occupied by plaintiffs; that defendant knew and advised Riggs that there was some defect in the stove; that Riggs advised defendant that he, himself, was familiar with the mechanism of the stove and thought he could repair same so that it might be safe for use; that defendant sold and delivered the stove to Riggs and same was used by his family for a short time; that on 1 October, 1938, when the wife of Riggs undertook to light the stove to heat water, it exploded and ignited the Riggs apartment and the fire later spread to that occupied by plaintiffs, burning their clothes and personal effects; that though defendant knew, or by the exercise of ordinary care should have known, that the stove would likely explode and cause such injury and damage, it negligently offered same for sale and sold it for use by Riggs and his family, as the proximate result of which plaintiffs have been damaged.
Defendant demurred to the complaint for that it failed to state facts sufficient to constitute a cause of action in that, inter alia, it does not allege any specific defect in the stove for which defendant might be liable and which is the proximate cause of the alleged damage to property of plaintiffs.
From judgment sustaining demurrer plaintiffs appeal to Supreme Court, and assign error. *Page 769 
Admitting the truth of the allegations of fact contained in the complaint, and relevant inference of fact necessarily deducible therefrom, as we must do in testing the sufficiency thereof, we concur with the ruling below that a cause of action is not stated.
Affirmed.