PATUXENT DEVELOPMENT CO. v. ELLEN L. BEARDEN, ADMINISTRATRIX OF THE ESTATE OF O. H. STUTTS, DECEASED, AND ELLEN L. BEARDEN, INDIVIDUALLY.

(Filed 31 January, 1947.)

**1. Pleadings § 30—**

The court is bound to strike from a pleading matters which are irrelevant or redundant within the purview of G. S., 1-153, when motion therefor is made within the statutory period, the relief being a matter of right and not of discretion in such instance.

**2. Pleadings § 31—**

Where the facts alleged as a basis for a purported second cause of action are insufficient to constitute a cause of action, they should be stricken upon motion aptly made, since such matters are irrelevant and redundant as to the first cause of action and would tend to confuse the issue raised by it.

**3. Fraud § 9—**

To state a cause of action for legal fraud the complaint must set out with sufficient particularity facts from which legal fraud arises.

**4. Same—**

To state a cause of action for actual fraud, the complaint must allege fraudulent intent and the acts constituting the fraud.

**5. Executors and Administrators § 13g: Trusts § 5b—**

An administrator acts in a fiduciary capacity in the control and disposition of assets of the estate and he cannot purchase assets at a sale under order of court to his own profit and the detriment of the estate.

**6. Same: Fraud § 9—**

Allegations that an administratrix arranged to have stock of a corporation owned by the estate and sold under order of court transferred to her, without stipulating whether the stock was purchased directly at the sale or from one who was a *bona fide* purchaser at the sale, is insufficient to state a cause of action.

**7. Executors and Administrators §§ 13g, 15h: Judgments § 27e—**

The attack, on the ground of fraud, of the allotment to the widow of property as a part of her year's allowance, and of the sale of personalty of the estate, ordered and confirmed by the court, is an attack upon judgments requiring allegation and proof of actual fraud.

**8. Executors and Administrators § 15g: Fraud § 9—**

In an action by a creditor of the estate, allegations that the administratrix "arranged" to have a share of stock belonging to the estate allotted to

the widow as a part of her year's allowance at a nominal sum regardless of its true worth, without allegation of fraudulent intent and without particularizing the fraudulent acts, is insufficient to state a cause of action to have the allotment set aside on the ground of fraud.

**9. Executors and Administrators § 13g: Fraud § 9—**

Allegations that the administratrix sold assets of the estate under order of court for a nominal amount when she knew or should have known that the assets were solvent and could and should have been collected in full, without allegation of fraudulent intent, are insufficient in an action by a creditor of the estate to have the sale set aside.

**10. Fraud § 9—**

Where in an action against an administratrix the facts alleged do no more than raise a suspicion of wrongdoing, however grave, they are insufficient to state a cause of action for fraud, and allegation that the acts of defendant were "a fraud upon the court" and "a fraud upon the creditors" of the estate, is a mere conclusion of the pleader or a *brutum fulmen*.

APPEAL by defendants from *Armstrong, J.,* at February Term, 1946, of MOORE.

The plaintiff's pleading purports to set up several related causes of action in 22 paragraphs, which we attempt to analyze and summarize rather than quote in full.

First: Paragraphs 1-6, complaint alleges an indebtedness claimed to be due the plaintiff by the intestate Stutts, in the sum of $3,614.64, which, it is said, has been presented to the defendant administratrix in itemized form and refused payment.

Second: In paragraphs 7-22, under the heading "Second Cause of Action," are grouped allegations of administrational and personal misconduct on the part of the defendant affecting her liability to the plaintiff in the following manner:

1. It is alleged that defendant's intestate had organized a company known as the "Locklear Investment Corporation," and procured the same to be incorporated, with three shares of stock, two of them qualifying shares in the hands of the attorney and secretary of the concern, respectively. These shares of stock, it is alleged, carried with them the ownership of a valuable house, furnishings, lots and curtilage in the Knollwood settlement in Moore County. The corporation, it is said, belonged to Stutts and entitled him, at his death, to be in possession of all the stock. The corporation is described in one paragraph as a "going concern," and in another as "dormant." That defendant "in furtherance of her duties," filed a petition with the clerk of the Superior Court for permission to sell "certain shares of stock" at private sale and report to the court. It is alleged that after $500 had been paid for release of the stock, the defendant "arranged" to have one share allotted to the widow of Stutts, who is defendant's sister, as part of her year's allowance

at the nominal sum of $25; and "arranged" to have the remaining shares transferred to her, the defendant, in her individual capacity, regardless of their true worth.

2. That defendant administratrix had petitioned the court to order a sale at auction of sundry accounts receivable, assets of the estate, reciting that she had been unable to collect them and deemed them insolvent; that they had been thus sold and had been purchased by Hilda L. Stutts, widow of the deceased, for the sum of $25, which sale was reported to the court, reciting that the bid was as much as could be obtained, and was confirmed by the court which so found.

In a separate paragraph, the complaint alleges that defendant "knew or could with diligence have ascertained" that a large number of the accounts receivable, including $1,385.02 against Locklear Investment Corporation, were solvent and could have been collected, in full for the benefit of creditors. And in still another paragraph, alleges that the allotment of one-third of the outstanding capital stock of the Locklear Corporation to the widow at the price of $50 in her year's allowance, the sale of the accounts receivable to a member of administratrix' family for $25, and the securing of a confirmation thereof by the court, was a fraud upon the creditors of the estate, and ought not to stand.

The plaintiff alleges it is entitled to have the order allotting the one share of stock to Hilda Stutts, the widow (who is not a party) vacated; and the orders and decrees under which the accounts receivable were sold by auction to the said Hilda Stutts and the sale confirmed, set aside.

There is no specific allegation in the complaint as to whether the defendant Bearden became the purchaser of the two shares of stock she is alleged to hold directly at the private sale ordered by the court or indirectly from some other person.

The prayer demands: That the defendant Bearden, individually, be declared to hold the stock acquired by her as trustee for the estate of Stutts; that she be required to account for rents received from the property at Knollwood; that the allotment of the stock to Hilda Stutts, and the sale of accounts receivable to her be vacated and set aside.

Within the time provided by the statute the defendant moved to strike out a certain paragraph of the first cause of action, alleging that plaintiff had offered to settle the controversy by arbitration; and all of the stated second cause of action as irrelevant, redundant and prejudicial. The motion was made before the clerk, was resisted by the plaintiff for lack of jurisdiction in that court, and was dismissed on that ground. The defendant appealed to the Superior Court.

At the hearing before the Clerk, the plaintiff voluntarily consented to striking out the references to arbitration in the statement of the first cause of action.

Upon the hearing of the appeal, the defendant, still insisting on her right to have the remaining matter to which objection had been made stricken out, interposed a demurrer *ore tenus* to the part of the complaint denominated as a "Second cause of Action" as not stating a cause of action.

The trial court overruled both the motion to strike and the demurrer. Defendant appealed.

*J. Talbot Johnson and Ehringhaus & Ehringhaus for plaintiff, appellee.*

*U. L. Spence for defendant, appellant.*

SEAWELL, J.   Since the defendant made her motion to strike within the statutory period her demand to have irrelevant and redundant matter stricken from the complaint comes here for review as a matter of right and not of judicial discretion.   G. S., 1-153; *Herndon v. Massey,* 217 N. C., 614, 8 S. E. (2d), 914; *Hill v. Stansbury,* 221 N. C., 339, 20 S. E. (2d), 308; *Patterson v. R. R.,* 214 N. C., 38, 198 S. E., 364.   If the matter sought to be deleted is found to be of the character described in the statute, the court has no alternative but to strike it out.   It is not only a right of the defendant, but one of the several statutory aids to code pleading, by which the controversy is kept in bounds or confined to the real issues.

In the situation presented by this appeal, it makes little difference whether we give our attention to the motion to strike or to the demurrer, —discussion comes to the same end.   If the plaintiff has not stated a cause of action in the second section of the complaint, that part is wholly irrelevant and redundant, and its further presence would confuse the issue upon the alleged indebtedness, with which it has nothing to do.

It will be noted that this part of the complaint purports to attack the validity of the several judgments mentioned on the ground of fraud; and that all of these proceedings, until overthrown, stand as authority for the several acts of the administratrix which are challenged in the complaint.

Whatever may be the facts beyond the complaint, the pleading will be of no avail unless it sets up with sufficient particularity facts from which legal fraud arises or, where proof of actual fraud is necessary to relief, specifically alleges the fraud—that is, the fraudulent intent— and particularizes the acts complained of as fraudulent so that the court may judge whether they are at least *prima facie* of that character.   *Hill v. Snider,* 217 N. C., 437, 8 S. E. (2d), 202; *National Cash Register Co. v. Townsend,* 137 N. C., 652, 50 S. E., 306.

Considered as liberally as the statute requires, we are of the opinion that the pleading falls short of precedential standards both with respect

to the allegations of legal fraud, supposing that to be intended, and the still more exacting charges of actual fraud.

(a) It is true that an administrator under court appointment acts in a fiduciary capacity in the control, custody and disposition of the property and assets of the estate, and he cannot, through a divided personality, become the purchaser at his own sale to his own profit and the detriment of those for whom he is trustee. But there is no allegation in the complaint that the defendant administratrix did this; only a charge that she "arranged" to have the stock transferred to her; in what way is left to surmise, whether by purchase at her own sale or from another *bona fide* purchaser and after confirmation.

(b) Regarding the allotment of the share of stock to the widow of Stutts as part of her year's allowance, the complaint goes no further in its particulars than to say plaintiff "arranged" to have it done regardless of its true value; and in regard to the order of sale of insolvent accounts says that the defendant "knew or should have known and with due diligence have ascertained that a large number of said accounts receivable," allegedly aggregating a large amount, "were solvent and could have and should have been collected in full."

It is true that it is said in a separate paragraph that these transactions were "a fraud upon the court" and "a fraud upon the creditors," but standing in the connection made and in the absence of a more specific allegation, this general denunciation may be considered as a conclusion of the pleader, 37 C. J. S., pp. 370-371, or a mere *"brutum fulmen,"* *Anderson Cotton Mills v. Mfg. Co.,* 218 N. C., 560, 11 S. E. (2d), 371.

In order to prevail on either of the items (b) under consideration, actual fraud must be present and, of course, alleged and proved under applicable rules. This requires, as above stated, a specific allegation both of the fraudulent intent and of the acts constituting the fraud; *Waddell v. Aycock,* 195 N. C., 268, 142 S. E., 10. Actual fraud involves corrupt and fraudulent intent,—much more than mere indifference to duty or negligence in its performance, which in the instant case might find relief by resort to the administration bond. The plaintiff, whether from mere politeness or conscientious restraint we need not inquire, has failed to charge such fraudulent intent or to substitute therefor any euphemism of like import, and the specification, if it may be called such, of particulars of the supposed fraudulent transactions are not sufficient to clearly infer actual fraud or to form the basis for the admission of proof of such fraud.

A general denunciation of a course of conduct or a series of transactions as fraudulent which does no more than raise a suspicion of wrongdoing, however grave, is not sufficient to put the defendant to answer or to sustain the pleading upon demurrer.

It is to be noted, as stated above, that we are considering what is virtually an attack made upon the orders and judgments which constitute the authority of the administratrix in the several transactions set forth in the complaint. In view of the conclusion reached we do not find it necessary to discuss the jurisdiction and procedure which may hereafter become matters of importance, and they are not to be considered as foreclosed by want of direct discussion upon this appeal.

The demurrer to the "second cause of action" should have been sustained and the matter stricken from the complaint. The judgment to the contrary in the court below is reversed and the cause is remanded for further proceedings and for such action as the parties may be advised to take.

Reversed and remanded.