LARRY O. SHIVES v. JAMES M. SAMPLE AND W. W. WINTERS, TRADING AS S & W TRUCKING COMPANY.

(Filed 2 December, 1953.)

1. **Pleadings § 3a—**

    The complaint must allege the facts constituting the cause of action so as to disclose the issuable facts determinative of plaintiff's right to relief. G.S. 1-122.

2. **Pleadings § 19c—**

    Upon demurrer, only facts properly pleaded are to be considered, and legal inferences and conclusions of the pleader are to be disregarded.

3. **Negligence § 16—**

    Negligence is not a fact in itself but is a legal conclusion from the facts, and therefore plaintiff in an action based on negligence must allege the facts upon which the legal conclusion of negligence and proximate cause may be drawn, and mere allegation of the happening of an event causing injury, together with the pleader's conclusion that the adverse party was negligent, is insufficient.

4. **Master and Servant § 15—Allegations held insufficient to allege cause of action against employer for failure to provide safe place to work.**

    Allegations to the effect that plaintiff was employed to drive a truck hauling stone to a stock pile and that he was injured while unloading his truck on the stock pile when the stock pile caved in, and that defendant knew or should have known that the pile of stone was hollow underneath and was likely to cave in and cause injury but failed to warn plaintiff of such condition, is insufficient to withstand demurrer, there being no allegation of facts supporting the conclusion that the stock pile was under the direction or control of defendant or any factual allegation supporting the conclusion that defendant had knowledge of the dangerous conditions any more than plaintiff.

5. **Same—**

    The duty of a master to exercise ordinary care to provide a servant a reasonably safe place in which to work does not apply when the servant is

working on the premises of a third person and the master has neither possession nor control over the premises.

APPEAL by defendants from *Nettles, J.,* at May Term, 1953, of IREDELL.

Civil action to recover damages for personal injuries, heard below on demurrer to the complaint for failure to state facts sufficient to constitute a cause of action.

These in summary are the pertinent allegations of the complaint:

1. That the plaintiff and the defendants are all residents of Iredell County, but the defendants "were engaged in hauling and placing crushed stone or gravel on a stock pile in Alexander County, North Carolina.

"2. That on the 10th day of October, 1950 the plaintiff was employed by the defendants; and was operating one of their trucks under their control and direction, hauling and unloading crushed stone or gravel on said stock pile, under the direction and control of the defendants.

"3. That without any fault on the part of the plaintiff, said stock pile which was hollow underneath, caved in and threw the plaintiff against said truck or stock pile of gravel, severely injuring and damaging him on or about his back, breaking two vertebrae of his back."

4. (Allegations showing that the Superior Court, rather than the Industrial Commission, has jurisdiction. These allegations are omitted as not being material to the statement of a cause of action by the plaintiff or pertinent to the appeal.)

"5. That without any fault on the part of the plaintiff, who was engaged in hauling and unloading crushed stone or gravel on said stock pile, under the direction and control of the defendants, the defendants were negligent in that:

"(a) They failed and neglected to furnish a safe and suitable place for the plaintiff to work in unloading said crushed stone or gravel on said stock pile, under their direction and control.

"(b) That said defendants knew, or by the exercise of ordinary care should have known, that said stock pile was hollow, under the point where the crushed stone or gravel was being unloaded by the plaintiff, and was likely to cave in and injure the plaintiff.

"(c) That said defendants failed and neglected to inform or notify plaintiff that said stock pile was hollow underneath and very likely to cave in and injure the plaintiff.

"6. That by reason of the negligence of the defendants, as aforesaid, and as the proximate cause thereof, the plaintiff was severely and painfully injured and bruised on or about his body . . ." (Then follows a detailed statement of the nature and extent of plaintiff's injuries and his prayer for relief.)

The defendants demurred to the complaint for failure to state facts sufficient to constitute a cause of action (G.S. 1-127 (6)).

The trial court overruled the demurrer, and from the judgment based on such ruling, the defendants appealed.

*J. G. Lewis for plaintiff, appellee.*

*Adams, Dearman & Winberry for defendants, appellants.*

JOHNSON, J.   The complaint, when tested by established principles of Code pleading, fails to allege a cause of action.

G.S. 1-122, which is an integral part of our Code of Civil Procedure, provides that "The complaint must contain—2. A plain and concise *statement of the facts* constituting a cause of action, . . ." (Italics added.)

The cardinal requirement of this statute, as emphasized by numerous authoritative decisions of this Court, is that the facts constituting a cause of action, rather than the conclusions of the pleader, must be set out in the complaint, so as to disclose the issuable facts determinative of the plaintiff's right to relief.   *Gillis v. Transit Corporation,* 193 N.C. 346, 137 S.E. 153; *Griggs v. Griggs,* 213 N.C. 624, 197 S.E. 165; *Lassiter v. Roper,* 114 N.C. 17, 18 S.E. 946; *Moore v. Hobbs,* 79 N.C. 535.

It is fundamental that on demurrer only facts properly pleaded are to be considered, with legal inferences and conclusions of the pleader to be disregarded.   *Bumgardner v. Fence Co.,* 236 N.C. 698, 74 S.E. 2d 32; *Bank v. Gahagan,* 210 N.C. 464, 187 S.E. 580; *Brick Co. v. Gentry,* 191 N.C. 636, 132 S.E. 800; *Bank v. Bank,* 183 N.C. 463, 112 S.E. 11.

In an action or defense based upon negligence, it is not sufficient to allege the mere happening of an event of an injurious nature and call it negligence on the part of the party sought to be charged.   This is necessarily so because negligence is not a fact in itself, but is the legal result of certain facts.   Therefore, the facts which constitute the negligence charged and also the facts which establish such negligence as the proximate cause, or as one of the proximate causes, of the injury must be alleged.   *Daniels v. Montgomery Ward & Co.,* 217 N.C. 768, 9 S.E. 2d 388; *Furlick v. Cotton Mills,* 217 N.C. 516, 8 S.E. 2d 597; *Moss v. Bowers,* 216 N.C. 546, 5 S.E. 2d 826.   See also *Baker v. R. R.,* 232 N.C. 523, 61 S.E. 2d 621.

As stated by *Connor, J.,* in *Thomason v. Railroad,* 142 N.C. 318, 324, 55 S.E. 205, 207, a pleading "which alleges negligence in a general way, without setting forth with some reasonable degree of particularity the things done, or omitted to be done, by which the court can see that there has been a breach of duty, is defective and open to demurrer."   See also McIntosh, North Carolina Practice and Procedure, Sec. 359.

In the case at hand the plaintiff predicates his right of recovery on failure of the defendants to exercise due care to provide him a reasonably safe place in which to work. *Murray v. R. R.,* 218 N.C. 392, 11 S.E. 2d 326; *Baker v. R. R., supra* (232 N.C. 523).

However, in testing the sufficiency of the complaint it must be kept in mind that the general rule which imposes liability upon a master for injury resulting from unsafety of the place where the servant works does not ordinarily apply where the servant is working on premises of a third person and the master neither has possession nor control over the premises. This is so for the reason that this general rule of liability, resting as it does upon the theory of failure on the part of the master to exercise due care to make and keep the place of work reasonably safe, necessarily flows from, and is dependent upon, possession or control of the premises. *Crawford v. Michael & Bivens, Inc.,* 199 N.C. 224, 154 S.E. 58; *Atkinson v. Corriher Mills Co.,* 201 N.C. 5, 158 S.E. 554; *Hughes v. Malden & Melrose Gaslight Co.* (Mass.), 47 N.E. 125; 35 Am. Jur., Master and Servant, Sections 174 and 186.

Here no facts are alleged tending to show that the defendants had possession or control of the stock pile of crushed stone and gravel where the injury occurred. If anything, the implication is that the stock pile was in the possession and under the control of a third party. The allegations are that the defendants are residents of Iredell County, engaged in the trucking business, and that the stock pile was located in Alexander County; that the plaintiff, as employee of the defendants, "was operating one of their trucks under their control and direction, hauling and unloading crushed stone and gravel on said stock pile, under the direction and control of the defendants." The expression "under the direction and control of the defendants," we interpret as meaning that the plaintiff was operating the truck "under the direction and control of the defendants," rather than that the stock pile was "under the direction and control of the defendants." But this is not important, for if the expression should be interpreted as being referable to the stock pile, clearly it would be a mere conclusion of the pleader, unsupported by factual allegations, and therefore to be disregarded. *Development Co. v. Bearden,* 227 N.C. 124, 41 S.E. 2d 85; *Mills v. Mfg. Co.,* 218 N.C. 560, 11 S.E. 2d 550; *Whitehead v. Telephone Co.,* 190 N.C. 197, 129 S.E. 602; *Baker v. R. R.,* 205 N.C. 329, 171 S.E. 342.

It is also noted that no particular facts are stated concerning the condition of the stock pile—nothing is alleged in respect to its general layout, its shape, its size, or the manner in which the rock and gravel were being deposited thereon. No facts are stated descriptive of the nature and extent of the hollow place in or underneath the stock pile where the alleged cave-in occurred. Nothing is alleged respecting how or when the stock

pile became hollow underneath. All this is left to conjecture. Nor is there any factual allegation upon which to predicate a showing that the plaintiff did not have the same knowledge, or means of knowledge, of the danger as did the defendants. It is merely alleged that the defendants "knew, or . . . should have known, that the stock pile was hollow . . . and was likely to cave in . . ." In the absence of supporting factual. allegations, this is a conclusion of the pleader to be disregarded. *Development Co. v. Bearden, supra* (227 N.C. 124).

We conclude that the judgment below should be reversed and the demurrer sustained. It is so ordered. This, of course, is without prejudice to the plaintiff's right to move in the court below for leave to amend his complaint under the provisions of G.S. 1-131.

Reversed.