HENRY B. HOOD v. QUEEN CITY COACH CO., A CORPORATION, AND
ASHEVILLE UNION BUS STATION, INC., A CORP.

(Filed 9 October, 1957.)

**Negligence § 16—Allegations held sufficient to state cause of action for concurring negligence of defendants.**

Allegations that defendant bus station and defendant coach company
jointly used, possessed and controlled a paved strip of land between their
respective offices and invited their patrons and customers to use same, that
plaintiff customer bought a ticket at the bus station and was proceeding
on foot along the passageway when he fell into a hole along the edge of
the passageway, and that defendants were negligent in failing to provide
guard rails, signs or warnings, and adequate lights to enable patrons and
invitees of defendants to use the passageway in safety, and that such negli-
gence was the proximate cause of plaintiff's injuries, *held* sufficient to state
a cause of action for actionable negligence on the part of defendants, and
the coach company's demurrer thereto was improperly sustained.

APPEAL by plaintiff from *Phillips, J.,* at 22 July Civil Term, 1957, of
BUNCOMBE.

*Harkins, Van Winkle, Walton & Buck and Herbert L. Hyde for
plaintiff, appellant.*

*Williams & Williams for defendant Asheville Union Bus Station,
Inc., appellee.*

JOHNSON, J.  Civil action to recover damages for personal injuries
alleged to have been caused by the joint negligence of the defendants.
The defendant Queen City Coach Company filed answer. The defend-
ant Asheville Union Bus Station, Inc., demurred to the amended com-
plaint for failure to state facts sufficient to constitute a cause of action
against it.  The demurrer was sustained.  The single question pre-
sented for decision is whether this ruling was correct.

These, in substance, are among the crucial facts alleged by the plain-
tiff: The defendant Queen City Coach Company was engaged in oper-
ating motor bus lines entering the City of Asheville.  The defendant
Asheville Union Bus Station, Inc., owned and operated a bus terminal
in Asheville.  The two defendants operated under a written agreement
(copy of which is attached to the complaint) by which the Bus Station
furnished the usual terminal facilities for the Coach Company.

The Coach Company occupied a building at the intersection of Inter-
urban Place and Ashland Avenue adjacent to the bus terminal, and
used it as a garage and office.  A public alley lay between this garage
building and the bus station.  The defendants were in the joint use and
possession of a paved strip of land along the western margin of the

public alley. The alley, together with the paved strip along its western margin and also other paved portions adjacent to the northern and eastern margins of the alley, were used by both the defendants as a passageway. The defendants in their joint use and control of the passageway invited their patrons and customers to travel over it for the purpose of conducting business with both defendants. The defendants, in the joint maintenance and control of the passageway, carelessly and without due regard for the safety of prospective patrons using the passageway, caused to be dug and left exposed alongside the western edge of the passageway an oblong hole about three feet deep and approximately ten feet long, "without guard rails and in such a manner as to create a highly dangerous walkway" for "customers and persons" going to and from the rear of the bus station.

On the night of 20 December, 1955, the plaintiff, a business patron of the defendants, having purchased from the Bus Station a ticket for the purpose of riding a Queen City bus from Asheville to Charlotte, was proceeding on foot along the western side of the passageway; that as he reached the upper end of the hole or pit, "he stepped carefully forward in anticipation of stepping upon a walkway, but due to the absence of a hand rail, or guard rail, and due to the exposed and unguarded condition of the said pitfall and trap, and due to the fault, neglect and failure of the defendants to warn the plaintiff of the dangerous condition of said passageway, . . . the plaintiff fell headlong into the said hole," and as a result sustained serious and permanent injuries.

The plaintiff then goes on to allege in separate paragraphs some 13 different phases of negligent conduct on the part of the defendants, as proximate causes of the injury. Among the phases of negligence so alleged are these: (a) failure to provide guard rails of any kind around the excavation; (b) failure to provide signs or warnings of the alleged dangerous condition created and maintained by the defendants; and (c) failure to provide adequate lights in the vicinity of the hole to enable patrons and invitees of the defendants to use the passageway with safety.

The foregoing allegations and others of supporting and amplifying nature, when taken as true and liberally construed in favor of the plaintiff, as is required on demurrer, state ultimate facts sufficient to show breach of common duties owed by both defendants to the plaintiff, proximately causing injury to him. This suffices to allege actionable negligence. 38 Am. Jur., Negligence, Sec. 257. See also *Bost v. Metcalfe*, 219 N.C. 607, mid. p. 610, 14 S.E. 2d 648, 650. The ruling of the court below in sustaining the demurrer must be held for error.

The decisions cited and relied on by the appellee, including *Shives v. Sample*, 238 N.C. 724, 79 S.E. 2d 193, are distinguishable.

The judgment below is
Reversed.