**STATE OF WEST VIRGINIA, which sues at the Relation of Andrew POULOS and Marcella Poulos, and Andrew Poulos and Marcella Poulos, individually, Plaintiffs,**

v.

**The FIDELITY AND CASUALTY COMPANY OF NEW YORK, a corporation, S. B. Noe, Elbert Adkins, Luther Watts, Freddie Morris, Gilbert R. Morrison, G. D. Spence, and the Aetna Casualty and Surety Company, a corporation, Defendants.**

Civ. A. No. 2239.

United States District Court
S. D. West Virginia,
Huntington Division.

Jan. 7, 1967.

L. Alvin Hunt, Preiser & Greene, Charleston, W. Va., for plaintiffs.

Chad W. Ketchum, Greene, Ketchum, Baker & Pauley, Huntington, W. Va., for defendants Fidelity & Casualty Co. of New York and S. B. Noe.

Duncan W. Daugherty, Daugherty & Daugherty, Huntington, W. Va., for defendant Elbert Adkins.

C. Robert Schaub, Jenkins, Schaub & Fenstermaker, Huntington, W. Va., for defendant Gilbert R. Morrison.

Norman K. Fenstermaker, Jenkins, Schaub & Fenstermaker, Huntington, W. Va., for defendants G. D. Spence and Aetna Casualty & Surety Co.

CHRISTIE, District Judge.

■ This matter is before the Court pursuant to the motions of defendants Fidelity and Casualty Company of New York, a corporation; S. B. Noe; Elbert Adkins; Gilbert R. Morrison; G. D. Spence; and The Aetna Casualty and Surety Company, a corporation, to dismiss the complaint in that it fails to state a claim upon which relief can be granted. This is a diversity action and West Virginia substantive law is applicable. Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Since this motion takes the place of a demurrer, we are required to consider as true every properly pleaded fact alleged in the complaint in determining its propriety. Ledbetter v. Farmers Bank & Trust Co., 142 F.2d 147 (4th Cir. 1944).

The facts appear to be as follows: On or about July 5, 1964, defendant S. B. Noe,[1] the duly elected sheriff of Wayne County, West Virginia, and defendant Elbert Adkins, a duly appointed deputy sheriff of Wayne County, West Virginia, as a result of having entrusted certain keys to Luther Watts,[2] a prisoner in their custody, negligently permitted Watts and defendant Freddie Morris, another prisoner, to unlawfully escape from the Wayne County jail. Thereafter, on or about July 6, 1964, defendant Gilbert R. Morrison parked his automobile on a public street in Huntington, West Virginia, with the ignition unlocked so that it might be operated without an ignition key. Defendant Freddie Morris stole this automobile and was pursued by defendant G. D. Spence,[3] a member of the West Virginia Department of Public Safety, in an allegedly negligent manner for about five miles at high rates of speed through the streets of Huntington, West Virginia, and as a result the stolen vehicle collided with a vehicle owned and operated by plaintiff Andrew Poulos, injuring Mr. Poulos and a passenger in his Jeep Station Wagon, plaintiff Marcella Poulos.

■ In essence, the question becomes the familiar one of proximate and intervening causes. The definitions are familiar to all, while their application confuses many. The proximate cause of an injury is said to be the last negligent act contributing thereto, without which the injury would not have resulted; and an intervening cause of an injury is described as a negligent act or omission which constitutes a new effective cause and which, operating independently of anything else, is the proximate cause of the injury. Smith v. Penn Line Service, Inc., 145 W.Va. 1, 113 S.E.2d 505 (1960).

Four distinct acts of negligence, the entrusting of the storeroom keys, the failure to lock the ignition, the manner of the pursuit through Huntington, and the negligent manner in which the stolen car was driven, as well as the unlawful acts of breaking jail and stealing the automobile, are charged in the complaint. The legal effect of these acts will be treated separately insofar as possible.

(A) PURSUIT BY AN OFFICER:

■ The question of an officer's liability for injuries or damages arising from the operation of a vehicle pursued by him in the line of duty does not appear to have been considered in West Virginia or in many other jurisdictions. However, in those instances where it has been treated, the officer has generally been held not liable. See Annot. 83 A.L.R.2d 452 (1962). We must not forget that the primary duty was upon the pursued to stop, and although an utter

---

1. The surety on the bonds of both defendants Noe and Adkins is defendant The Fidelity and Casualty Company of New York, a corporation.

2. Service of process has not been made on defendant Luther Watts.

3. Defendant The Aetna Casualty and Surety Company, a corporation, is surety on the bond of defendant G. D. Spence.

willful, reckless, disregard for the life and property of third parties, such as an officer's continued high speed chase through a crowded school zone, would be difficult to excuse, the instant complaint indicates no such facts. It is hardly necessary to point out the overriding public policy of apprehending criminals as rapidly as possible, thus eliminating continued criminal acts, as a factor outweighing the undesirable consequences of holding an officer liable for the damages sustained by a third party as a result of negligence such as described in the complaint.

We are not prepared to hold an officer liable for damages inflicted by the driver of a stolen vehicle whom he was lawfully attempting to apprehend for the fortuitous reason only that the criminal drove through an urban area. To do so would open the door for every desperado to seek sanctuary in the congested confines of our municipalities, serene in the knowledge that an officer would not likely give chase for fear of being liable for the pursued's recklessness. Such is not now the law nor should it be the law. Accordingly, this complaint fails to state a claim upon which relief can be granted against defendants G. D. Spence and the surety on his bond, The Aetna Casualty and Surety Company, and the same will be dismissed as to them.

### (B) UNLOCKED VEHICLE:

The general rule is that the intentional committing of a crime is a superseding cause, although the original actor's negligence created a situation which afforded an opportunity for the third person to commit such crime, unless the actor at the time of his negligent conduct realized, or should have realized, the likelihood that such a third person might avail himself of the opportunity to commit such a crime. Restatement (Second), Torts Section 448 (1965). However, there is a decided split of authority on the question of whether or not an automobile's owner who negligently leaves his vehicle unlocked or the keys in the switch is relieved of liability for injuries resulting from the negligent driving of a thief. One line of cases representing the weight of authority holds the stealing of the car to be an effective intervening cause, while another holds that it raises a fact question for the jury. Anderson v. Theisen, 231 Minn. 369, 43 N.W.2d 272 (1950) (intervening cause); Ostergard v. Frisch, 333 Ill.App. 359, 77 N.E.2d 537 (1948) (proximate cause). It has also been held to be an intervening cause where a statute similar to Code 17C–14–1 (Michie 1966) [4] was involved. Anderson v. Theisen, supra.

The question apparently has not been passed upon in West Virginia. In any event we deem it significant that defendant Morrison did not leave his keys in the ignition to attract the eye of any passerby, but rather that he failed to turn it to the lock position. It may be that leaving the ignition in that position is as open an invitation to a potential car thief as a dangling key, however, we believe that many drivers, although ill-advised to do so, consider this a safer manner of parking their vehicles. We fail to find that defendant Morrison realized or as a matter of law should have realized that his failure to lock the ignition might result in the theft and speeding chase of his car by police officers and the resulting accident. The theft of the automobile was an independent criminal act and the failure to stop upon being pursued, although connected with the first, is another separate and distinct one. Consequently, we are of the opinion that were this matter before the Supreme Court of Appeals of West Virginia, upon the facts pleaded herein, it would be held, in accordance with the weight of authority, that as a matter of law the failure to lock the ignition was not the proximate cause of the accident, but rather the intervening criminal and

4. "No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key, and effectively setting the brake thereon, * * *."

negligent conduct of the thief. Anderson v. Theisen, supra; Childers v. Franklin, 46 Ill.App.2d 344, 197 N.E.2d 148 (1964); Corinti v. Wittkopp, 355 Mich. 170, 93 N.W.2d 906 (1959); Ross v. Nutt, 177 Ohio St. 113, 203 N.E.2d 118 (1964); McKinney v. Chambers (Tex.Civ.App.) 347 S.W.2d 30 (1961), see also Annot. 51 A.L.R.2d 634 (1957). Thus, the complaint fails to state a claim upon which relief can be granted against defendant Gilbert R. Morrison and the same will be dismissed as to him.

### (C) SHERIFF'S AND DEPUTY'S LIABILITY FOR ACTS OF ESCAPED PRISONERS:

■■ Both a sheriff and his jailer may be held liable for injuries inflicted upon a third person by a prisoner in the course of an escape where the sheriff is charged with and has under his control the management and direction of the jail. 72 C.J.S. Prisons § 23i (1951). However, they are not liable for injuries inflicted by the escaped prisoner when the negligent or wrongful acts of the officals are not the proximate cause of the injuries. Green v. State, Through The Department of Institutions, (La. App.) 91 So.2d 153 (1956). Likewise, the injury must be the natural and probable consequence of the sheriff's and jailer's negligence. Moss v. Bowers, 216 N.C. 546, 5 S.E.2d 826 (1939).

■ The cases on this subject are limited and the matter apparently has not been passed upon in West Virginia. In any event, in view of the foregoing rules, we are of the opinion that as a matter of law the stealing of an automobile by an escapee and the attempted flight from a pursuing police officer with resulting injury to a third party are not the natural and probable consequences of the negligent entrusting of storeroom keys to another prisoner the day before the incident nor was it the proximate cause of the injury. Therefore, the complaint fails to state a claim upon which relief can be granted against defendants S. B. Noe, Elbert Adkins, and the surety on their bond, The Fidelity and Casualty Company of New York, and the same will be dismissed as to them.

Defendant Luther Watts not having been served with process, this action remains only as to defendant Freddie Morris, the alleged driver of the stolen vehicle at the time of the accident.