MRS. BETTY S. PARDUE, ADMINISTRATRIX OF THE ESTATE OF JAMES M. PARDUE, DECEASED, v. CHARLOTTE MOTOR SPEEDWAY, INC.

(Filed 20 March 1968.)

**1. Games and Exhibitions § 3—**

As a general rule the owner or operator of an automobile race track is charged with the duty of exercising care commensurate with any known or reasonably foreseeable danger to prevent injury to patrons or participants.

**2. Games and Exhibitions § 2—**

The owner or operator of an automobile race track is under a duty to erect fences or barriers for the safety of the spectators where the need is obvious or where experience shows that such barriers are necessary for the reasonable protection of the spectators.

**3. Pleadings § 2—**

The complaint must allege the facts constituting the cause of action so as to disclose the issuable facts determinative of plaintiff's right to relief.

**4. Pleadings § 12—**

A demurrer admits for the purpose of testing the legal sufficiency of the pleading the truth of well stated facts and relevant inferences of fact reasonably deducible therefrom, and the pleading will be liberally construed with a view to substantial justice between the parties.

**5. Negligence § 20—**

A complaint which alleges negligence in a general way without setting forth with some reasonable degree of particularity the things done, or

omitted to be done, by which the court can see that there has been a breach of duty is defective and open to demurrer.

**6. Games and Exhibitions § 3—**

Allegations that plaintiff's intestate was engaged in testing tires on defendant's race track at speeds in excess of 150 miles per hour, that the front right tire of intestate's automobile ruptured, causing the car to veer toward the edge of the track, that a guard rail maintained by defendant gave way upon contact, and that intestate crashed to his death outside the track, *are held* insufficient to state a cause of action in the absence of allegations setting forth particular facts detailing defendant's negligence in improperly maintaining the guard rails.

HUSKINS, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Gambill, J.,* in Chambers, 13 May 1967 Session of WILKES. Docketed and argued as Case No. 445, Fall Term 1967, and docketed as Case No. 441, Spring Term 1968.

Civil action to recover damages for alleged wrongful death heard upon a demurrer.

This is a summary of the crucial allegations of fact contained in the complaint: On 22 September 1964 and prior thereto defendant was engaged in Mecklenburg County in the operation of a race track or motor speedway where automobile races and tests of automobiles and automobile equipment were conducted. On 16 September 1964 defendant for a valuable consideration entered into an agreement whereby defendant made its race track available to the Goodyear Tire & Rubber Company of Akron, Ohio, for the purpose of allowing said tire company to conduct certain high-speed tests of Goodyear tires. These were to be conducted during a three-day period. A xerox copy of this agreement is attached to the complaint and made a part thereof. In this agreement the Goodyear Tire & Rubber Company stated that the charge for using the race track on these days would be $100 a day. This is also set forth in this agreement:

"While these tests are in progress, we will arrange to have you named as an additional insured on our policy of public liability insurance. A certificate of such policy showing the insurance limits will be furnished to you before testing commences. In addition, we will provide competitor's insurance including certain death, disability, dismemberment and medical benefits for all personnel engaged in these tests. In consideration of making this insurance available to drivers and other personnel involved in the tests, we will secure from them full releases which will cover you as well as ourselves."

· Plaintiff's intestate, James M. Pardue, for a consideration of $3 per mile, as an employee of Burton-Robinson, Inc., was hired by Goodyear Tire & Rubber Company of Akron, Ohio, to conduct certain tests of the tires of said tire company on defendant's race track on 21, 22, and 23 September 1964. Pursuant to said contract, plaintiff's intestate went to the Charlotte Motor Speedway for the purpose of conducting said tests.

On 22 September 1964 while plaintiff's intestate was engaged in conducting high-speed tests of Goodyear tires on the race track of the Charlotte Motor Speedway, Inc., at speeds in excess of 150 miles per hour, the right front tire on the automobile driven by plaintiff's intestate ruptured causing said automobile to speed toward the steel corrugated guard rail which defendant had placed along the outside edge of the race track for the purpose of preventing automobiles from leaving said track. However, this guard rail came apart when the automobile driven by plaintiff's intestate crashed through it. The automobile then fell approximately 50 feet to the ground and struck a fence. The steel post of this fence was knocked from the ground and flew through the left side window of the automobile and hit plaintiff's intestate in the head causing his death.

The death of plaintiff's intestate was proximately caused by the negligence of the defendant in the following particulars: (1) Defendant maintained, leased, and permitted the use of its race track for the purposes of conducting automobile races and tests of automobiles and automobile equipment at speeds in excess of 150 miles per hour, when defendant knew, or in the exercise of due care should have known, that the guard rail through which this automobile crashed was improperly constructed and inadequate for preventing automobiles traveling at these high speeds from leaving said race track. (2) Defendant failed to warn the drivers on its race track of this inadequacy and improper construction of the guard rail.

The record shows that the "defendant demurs *ore tenus* in that the complaint fails to state cause of action against the defendant."

From a judgment sustaining the demurrer to the complaint, plaintiff appeals.

*Jordan, Wright, Henson & Nichols and McElwee & Hall by Welch Jordan and Edward L. Murrelle for plaintiff appellant.*

*John H. Small; Sanders, Walker and London by Robert G. Sanders; Moore and Rousseau by Larry S. Moore for defendant appellee.*

PARKER, C.J.  The instant case does not involve an injury to a

spectator. We have here the death of a voluntary participant who was killed on defendant's race track while conducting high-speed tests of Goodyear Tire & Rubber Company tires at a speed of about 150 miles per hour, when the right front tire on the automobile he was operating ruptured and the automobile crashed through a guard rail on the outside edge of the race track, fell approximately 50 feet to the ground, and struck a steel post which came through the left side window of the automobile killing the driver. Do the facts of this case disclose the breach of any duty owed to plaintiff's intestate by the race track owner?

The general rule is that the owner or operator of an automobile race track is charged with the duty of exercising reasonable care, under the circumstances present, for the safety of patrons and participants in the racing; that is, a care commensurate with any known or reasonably foreseeable danger. *Williams v. Strickland*, 251 N.C. 767, 112 S.E. 2d 533; *Lane v. Drivers Association*, 253 N.C. 764, 117 S.E. 2d 737; 37 A.L.R. 2d 391, where many cases are cited; 4 Am. Jur. 2d, Amusements and Exhibitions § 81.

This is said in Annot. 37 A.L.R. 2d 391 at 394, and quoted with approval in the *Williams* and *Lane* cases: "If the need is obvious or experience shows that an automobile race of the character and in the place proposed requires, in order to afford reasonable protection to spectators, the erection of fences or similar barriers between the track and the places assigned to them, it becomes a part of the duty in exercising reasonable care for their safety to provide fences or barriers, the adequacy of which is dependent on the circumstances present, principally the custom of the business." At page 395 of this same annotation will be found a number of cases in respect to the absence or inadequacy of fences, barricades, or other protective devices, where, under the circumstances of individual cases, a recovery has been upheld or denied.

G.S. 1-122 provides that "the complaint must contain . . . (2) a plain and *concise statement of the facts* constituting a cause of action. . . ." (Italics added.) The cardinal requirement of this statute, as emphasized in numerous decisions of this Court, is that the facts constituting a cause of action rather than the conclusions of the pleader must be set forth in the complaint so as to disclose the issuable facts determinative of the plaintiff's right to relief. *Shives v. Sample*, 238 N.C. 724, 79 S.E. 2d 193; *Griggs v. Griggs*, 213 N.C. 624, 197 S.E. 165; *Gillis v. Transit Corp.*, 193 N.C. 346, 137 S.E. 153; *Lassiter v. Roper*, 114 N.C. 17, 18 S.E. 946; *Moore v. Hobbs*, 79 N.C. 535.

It is hornbook law that on a demurrer a pleading will be liberally

construed with a view to substantial justice between the parties giving the pleader the benefit of every reasonable intendment in his favor; and a demurrer admits, for the purpose of testing the legal sufficiency of the pleading, the truth of factual averments well stated and relevant inferences of fact reasonably deducible therefrom, but legal inferences and conclusions of the pleader will be disregarded. 3 Strong, N. C. Index, Pleadings, § 12.

This is said by Johnson, J., in *Shives v. Sample, supra:*

> "In an action or defense based upon negligence, it is not sufficient to allege the mere happening of an event of an injurious nature and call it negligence on the part of the party sought to be charged. This is necessarily so because negligence is not a fact in itself, but is the legal result of certain facts. Therefore, the facts which constitute the negligence charged and also the facts which establish such negligence as the proximate cause, or as one of the proximate causes, of the injury must be alleged. *Daniels v. Montgomery Ward & Co.,* 217 N.C. 768, 9 S.E. 2d 388; *Furtick v. Cotton Mills,* 217 N.C. 516, 8 S.E. 2d 597; *Moss v. Bowers,* 216 N.C. 546, 5 S.E. 2d 826. See also *Baker v. R. R.,* 232 N.C. 523, 61 S.E. 2d 621."

In *Thomason v. R. R.,* 142 N.C. 318, 55 S.E. 205, Connor, J., said for the Court:

> "A complaint which alleges negligence in a general way, without setting forth with some reasonable degree of particularity the things done, or omitted to be done, by which the Court can see that there has been a breach of duty, is defective and open to demurrer."

See also McIntosh, North Carolina Practice and Procedure, § 359.

In the present case plaintiff predicates her right of recovery on (1) the failure of defendant to equip its race track with an adequate and properly constructed guard rail capable of preventing automobiles traveling at speeds in excess of 150 miles per hour from leaving the track when it knew, or in the exercise of reasonable care should have known, that this guard rail was insufficient; and (2) on its failure to warn the drivers on its race track that the guard rail was inadequate. No particular facts are alleged as to how the guard rail was inadequate or improperly constructed, nor is there any allegation of fact to show how the guard rail could have been constructed to prevent an automobile which has sustained a blowout at this high rate of speed from plunging through it and off the track. There is no factual allegation in the complaint that any other car has broken

through the railing at this race track, nor any specific allegations of fact showing how defendant could have been aware of any purported inadequacy of the guard rail. Furthermore, there are no allegations of fact in the complaint showing that it is the general custom and practice among auto raceway proprietors to maintain guard rails capable of absorbing the shock of cars traveling at speeds of 150 miles per hour. The complaint does not allege any specific negligent act of commission or omission on the part of defendant which proximately resulted in her intestate's death. It is alleged in the complaint that the "defendant knew or in the exercise of due care should have known that the guard rail through which the automobile being driven by the plaintiff's intestate went was inadequate. . . ." In the absence of supporting factual allegations, this is a conclusion of the pleader to be disregarded. *Shives v. Sample, supra.*

To paraphrase Justice Connor's language in *Thomason v. R. R., supra,* the complaint alleges negligence in a general way without setting forth with some reasonable degree of particularity the things done or omitted to be done by which the Court can see that there has been a breach of duty. Therefore, the complaint is defective and open to demurrer.

The interesting questions of contributory negligence and assumption of risk mentioned in defendant's brief are affirmative defenses and cannot be raised on a demurrer. 3 Strong, N. C. Index, Negligence § 11; 1 McIntosh, N. C. Practice and Procedure § 1236(13) (2nd Ed. 1956).

The judgment below sustaining the demurrer to the complaint is
Affirmed.

HUSKINS, J., took no part in the consideration or decision of this case.